IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANET R. SNOW | ) | **04C 3996** |
| | ) | |
| Plaintiff, | ) | Case No. _____ |
| | ) | |
| vs. | ) | Honorable JUDGE DER-YEGHIAYAN |
| | ) | MAGISTRATE JUDGE MASON |
| DEPARTMENT OF PROFESSIONAL | ) | COMPLAINT FOR DECLARATORY |
| REGULATION of the State of Illinois; | ) | AND INJUNCTIVE RELIEF, |
| BOARD OF NURSING of the State of | ) | DAMAGES AND ATTORNEYS' FEES |
| Illinois; FERNANDO E. GRILLO, | ) | AND COSTS |
| Director of Department of Professional | ) | |
| Regulation of the State of Illinois, in his | ) | JURY TRIAL DEMANDED |
| official and personal capacities; AURELIA | ) | |
| PUCINSKI, former Director of | ) | |
| Department of Professional Regulation of | ) | |
| the State of Illinois, in her official and | ) | |
| personal capacities; MARY DOHERTY, | ) | |
| attorney for Department of Professional | ) | |
| Regulation of the State of Illinois, in her | ) | |
| official and personal capacities; BRIAN K. | ) | |
| FARLEY, former Chief of Health Related | ) | |
| Prosecutions, Department of Professional | ) | |
| Regulation of the State of Illinois, in his | ) | |
| official and personal capacities | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, Plaintiff Janet R. Snow ("Plaintiff"), by and through her

attorneys, and alleges the following against Defendant Department of Professional Regulation of

the State of Illinois (the "Department"), Defendant Board of Nursing of the State of Illinois (the

"Board"), Defendant Fernando E. Grillo, Director of the Department ("Grillo"), Defendant

Aurelia Pucinski, former Director of the Department ("Pucinski"), Defendant Mary Doherty,

attorney for the Department ("Doherty"), and Defendant Brian K. Farley ("Farley"), former

Chief of Health Related Prosecutions for the Department (collectively "Defendants"):

## INTRODUCTION

1.     This case involves past and continuing violations of Plaintiff's fundamental due process rights by the Department, the Board, and several Department officials: Defendants suspended Plaintiff's nursing license ("License") without affording Plaintiff notice of the charges filed against her and without giving Plaintiff an opportunity to defend against the charges and without a hearing; they failed to correct the situation once apprised of the lack of proper notice; and they continue to harm Plaintiff's professional and personal character by publishing defamatory and untrue statements concerning Plaintiff on the Department's website in connection with the improper suspension.

2.     Plaintiff has been unable to practice her profession for over a year and a half as a result of a sham proceeding for which she had no notice and no opportunity to defend against the claims asserted.  In addition, Plaintiff continues to be harmed by the ongoing defamation of her character in connection with the suspension of her License.  Accordingly, Plaintiff brings this lawsuit to obtain injunctive and declaratory relief to put a stop to and correct the ongoing defamation, and to recover compensatory and punitive damages for the violations of her constitutional and statutory rights and for defamation.

## THE PARTIES

3.     Plaintiff Janet R. Snow is a professional registered nurse, previously licensed with the Department of Professional Regulation of the State of Illinois, who currently resides in Illinois, and at all times material hereto has resided in Illinois.

4.     Defendant Department of Professional Regulation of the State of Illinois is an agency of the State of Illinois, having been lawfully created by statutory authority at 20 ILCS § 2105/2105-1 *et seq.*, which maintains its principal office at 320 West Washington Street, Springfield, Illinois, 62786, and a Chicago office, in the James R. Thompson Center, 100 West

2

Randolph Street, Suite 9-300, Chicago, Illinois, 60601. The Department has knowingly maintained continuing violations of Plaintiff's right to due process and resisted judicial efforts to cure the violations.

5.     Defendant Board of Nursing is a branch of the Department of Professional Regulation of the State of Illinois, having been lawfully created by statutory authority at 225 ILCS § 65/10-25. The Board knowingly issued recommendations to the Director of the Department without affording Plaintiff notice and opportunity to be heard.

6.     Defendant Grillo is the Director of the Department of Professional Regulation of the State of Illinois, and acts under color of state law in enforcing Illinois and Department licensing laws. Defendant Grillo is sued in his official capacity as the Director of the Department of Professional Regulation of the State of Illinois and in his personal capacity for the violation of Plaintiff's constitutional and statutory rights. Defendant Grillo has knowingly maintained continuing violations of Plaintiff's right to due process and resisted judicial efforts to cure the violations.

7.     Defendant Pucinski was the former Director of the Department of Professional Regulation of the State of Illinois, and acted under color of state law in enforcing Illinois and Department licensing laws. Defendant Pucinski is sued in her official capacity as the former Director of the Department of Professional Regulation of the State of Illinois and in her personal capacity for the violation of Plaintiff's constitutional and statutory rights. Defendant Pucinski knowingly signed the Order suspending Plaintiff's License without affording Plaintiff an opportunity to be heard.

8.     Defendant Doherty is the attorney for the Department of Professional Regulation of the State of Illinois, representing the Department in Administrative Proceedings

against Plaintiff. She acts under color of state law in representing the Department before the Department Hearings Unit and subsequent administrative and judicial proceedings. Defendant Doherty is sued in her official capacity as a lawyer for the Department and in her personal capacity for the violation of Plaintiff's constitutional and statutory rights. Defendant Doherty has knowingly maintained the continuing violations of Plaintiff's right to due process and has resisted judicial efforts to cure the violations.

9.      Defendant Brian K. Farley was the former Chief of Health Related Prosecutions for the Department of Professional Regulation of the State of Illinois, in whose name the Administrative Complaint was initially brought against Plaintiff. He acted under color of state law in representing the Department before the Department Hearings Unit. Defendant Farley is sued in his official capacity as the Chief of Health Related Prosecutions, and in his personal capacity for the violation of Plaintiff's constitutional and statutory rights. Defendant Farley failed to provide proper notice to Plaintiff in filing the initial Administrative Complaint against her.

## **JURISDICTION AND VENUE**

10.      This action arises under the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983, with pendent jurisdiction claims under the Constitution of the State of Illinois, Art. I § 2, and under the common law of Illinois.

11.      Plaintiff seeks, *inter alia*, a declaratory judgment under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and appropriate injunctive relief.

12.      Plaintiff also seeks compensatory and punitive damages under 42 U.S.C. § 1983 and attorneys fees pursuant to 42 U.S.C. § 1988.

13.      This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367.

14.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b), as one or more of the Defendants reside in this District and some of the events giving rise to the claims set forth in this Complaint occurred in this District.

## GENERAL ALLEGATIONS

15.     In December, 2000, the Department initiated an Administrative Complaint against Plaintiff, charging Plaintiff with unprofessional conduct in allegedly failing to administer and document medication properly on four occasions.  *See* Administrative Complaint, Department Docket No. 2000-04494, attached hereto as Exh. A.  Defendant Farley, as the Department's Chief of Health Related Prosecutions, was the prosecuting party for the Complaint.

16.     The Department mailed this Administrative Complaint by certified mail, along with its Notice of Preliminary Hearing, to "Janet Snow, R.R. #1, Hanna City, IL 61536-9801."  The Administrative Complaint and Notice were then returned by the post office to the Department marked "Insufficient Address."  *See* Department envelope postmarked January 2, 2001, attached hereto as Exh. B(1).

17.     Plaintiff Janet R. Snow was never domiciled at R.R. #1, Hanna City, IL 61536-9801, nor has she ever made such representation to the Department.  Moreover, Plaintiff kept the Department informed at all times of her current domicile.  In fact, the Department clearly *had her correct address*, since Plaintiff received, at her correct address, the Registered Professional Licenses that the Department issued to her in April of 2000 and in April of 2002. *See* April 2000 License and April 2002 License, attached hereto as Exh.'s C and D.

18.     However, during the pendency of the Administrative Proceedings against Plaintiff between December 2000 and June 2002, the Department continued to send several further notices, all addressed to "Janet Snow, R.R. #1, Hanna City, IL 61536-9801," and all of

5

which were returned to the Department by the post office marked "Insufficient Address." *See*, *e.g.*, Department's Order to Be Answer or Be Held in Default, dated March 12, 2001, mailed on March 15, 2001, attached hereto as Exh. B(2); Department's Order of Default for Failure to Appear or Answer and to Transfer the Matter to the Board on the Pleadings, dated May 7, 2001, postmarked on or around May 22, 2001, attached hereto as Exh. B(3); Department's 20-day Notice of Findings of Fact, Conclusions of Law and Recommendation to the Director, dated March 1, 2002, postmarked March 5, 2002, attached hereto as Exh. B(4).

19. Despite the lack of notice, and aware that Plaintiff had never been served, on March 1, 2002, the Board of Nursing issued its 20-day Notice of the Findings of Fact, Conclusions of Law and Recommendations to the Director. *See* Exh. B(4). This 20-Day Notice represents the findings of the Board against the Plaintiff; *i.e.*, the 20-day Notice is the proposed judgment against Plaintiff. In this proposed judgment, the Board of Nursing of the Department of Professional Regulation adopted as fact all of the charges against Plaintiff from the Department's Administrative Complaint, without any notice to Plaintiff and obviously without any opportunity for her to respond to the charges. Like all of the previous notices and pleadings in the Administrative Proceedings against Plaintiff, the Department mailed this 20-day Notice to the same incorrect address, and the post office returned it to the Department marked "insufficient address." *See id.*

20. Furthermore, the Board of Nursing improperly included in paragraph 2 of the Conclusions of Law section of the March 1, 2002 20-day Notice a reference to Plaintiff diverting narcotics from her employer for self-use -- there was no such charge in the Department's Administrative Complaint. *See* 20-day Notice of Findings of Fact, Conclusions of

Law and Recommendations to the Director, dated March 1, 2002, Exh. B(4) at 3; *see contra*

Administrative Complaint, Exh. A, *at passim.*

21.     Title 20, Section 80 of the Illinois Nursing Act of 1987 as amended

("Nursing Act"), states that: "The Department shall, before suspending, revoking, placing on

probationary status, or taking any other disciplinary actions as the Department may deem proper

with regard to any license, at least 30 days prior to the date set for the hearing, notify the accused

in writing of any charges made and the time and place for a hearing of the charges before the

Board..." *See* 225 ILCS 65/20-80. The Department knowingly failed to comply with this

requirement.

22.     Furthermore, the Nursing Act mandates that "[s]uch written notice may be

served by personal delivery or certified or registered mail to the respondent at the address of her

or his last notification to the Department." *See id.* Each of these legislatively authorized

methods of service contemplates that the delivery of the notice can be verified. None of the

notices were served by personal delivery nor sent to the last known address which Plaintiff had

provided to the Department. Rather than receiving verification that notice was properly given,

the Department in fact received information from the post office that Plaintiff had **not** received

the notice of the Proceedings.

23.     These notices therefore failed to comply with the Nursing Act, and they

violated the Illinois Administrative Procedure Act (the "APA"), incorporated in the Nursing Act

by 225 ILCS 65/20-160. Section 10-25(a) of the APA mandates that "[i]n a contested case, all

parties shall be afforded an opportunity for a hearing after reasonable notice. The notice shall be

served personally or by certified or registered mail or otherwise provided by law upon the parties

or their agents appointed to receive service of process..." *See* 5 ILCS 100/10-25. Moreover,

subsection (b) of Section 10-25 states that "[a]n opportunity shall be afforded all parties to be represented by legal counsel and to respond and present evidence and argument." *See* 5 ILCS 100/10-25.

24.     These notices also failed to comply with the due process clause of the Fourteenth Amendment of the United States Constitution and the counterpart provision of the Illinois Constitution. *See* U.S.C.A. Const. Amend. 14; S.H.A. Const. Art. 1, § 2. These notices were not reasonably calculated to apprise Plaintiff of the pendency of the action and afford her an opportunity to present her objections.

25.     In sum, all notices sent by the Department and purportedly (but not in fact) served during the Administrative Proceedings prior to June 12, 2002, were improperly addressed to "Janet Snow, R.R. #1, Hanna City, IL 61536-9801," and therefore did not apprise Plaintiff of the Complaint filed against her and the pending proceedings. *See supra*, at ¶¶ 16, 18. These notices were all returned to the Department by the post office, marked "insufficient address," evidencing that the Department knew that Plaintiff had not received the notice and that the notice was therefore deficient.

26.     All further actions taken by Defendants were unauthorized, beyond their statutory authority, and violative of Plaintiff's rights. At every step of the Administrative Process, Defendants knew that they were not proceeding in accordance with the applicable constitutional and statutory mandates, but they proceeded nevertheless.

27.     During the period of Administrative Proceedings, starting in December of 2000 and until June 2002, Plaintiff's last known address in the Department's records was at first, 2810 Second St., Apt. 9, Peru, IL 61354, as evidenced by a copy of Plaintiff's Registered Professional Nurse License issued by the Department in April of 2000 and valid through May 21,

2002. *See* 2000-2002 License, Ex. C; *see also supra* ¶ 17.   Later, Plaintiff's last known address

in the Department's records was, or should have been, 509 South First St., Princeton, IL 61356,

as evidenced by a copy of Plaintiff's Registered Professional Nurse License issued by the

Department in April of 2002 and valid through May 31, 2004. *See* 2002-2004 License, Exh. D.

        28.     Despite the Department's awareness of Plaintiff's correct address, the

Department proceeded to enter relief against Plaintiff knowing she had not been served.  On June

12, 2002, the Department issued its second 20-Day Notice, this time addressing it to Janet Snow,

509 South 1st Street, Princeton, IL 61356."  As noted above, the prior 20-Day Notice, dated

March 1, 2002, was returned to the sender by the post-office marked as undeliverable due to

"Insufficient Address."  Obviously, between March and June, 2002, the Department discovered

its error.  And, therefore, the Department entered this proposed judgment against Plaintiff with

full and clear knowledge that the Department had violated Plaintiff's right to due process.

        29.     Plaintiff had no opportunity to be heard or to respond to or to defend

against the charges filed by the Department against her.  She did not participate in the referenced

Administrative Proceedings because she had no notice of their existence until June 15, 2002,

over sixteen months after the commencement of the Administrative Proceedings.  On that date,

Plaintiff received a 20-day Notice, dated June 12, 2002, informing her of the Department's

Findings of Fact, Conclusions of Law and Recommendations to the Director. *See* Second 20-

Day Notice, dated June 12, 2002, attached hereto as Exh. E.  This was the first notice that

Plaintiff received of the Administrative Proceedings because it was the first time that the

Department addressed its correspondence to "Janet Snow, 509 South 1st Street, Princeton, IL

61356," which was Plaintiff's domicile from December 8, 2000 until October 12, 2002.

9

30.     Upon finally receiving notice of the Proceedings against her, Plaintiff moved for a rehearing in the Department. *See* Motion for Rehearing, dated June 28, 2002, attached hereto as Exh. F. Based upon the content of the Motion for Rehearing, there was no good faith basis, or any basis in fact or law, for Defendants to resist or oppose the Motion for Rehearing.

31.     Nevertheless, rather than correct its error and the obvious due process violations, on September 19, 2002, the Department suspended Plaintiff's License to practice nursing for a minimum of three (3) years. The Director of the Department, Defendant Aurelia Pucinski, with full notice of the violation of Plaintiff's rights, signed this Order suspending Plaintiff's License. *See* Order Signed by the Director, dated September 19, 2002, attached hereto as Exh. G. Defendants Doherty and Farley actively participated in causing the entry of the aforementioned Order.

32.     Ms. Snow has been unable to practice her profession for over a year and a half as a result of a sham proceeding for which she had no notice and no opportunity to defend against the asserted claims.

33.     In addition, Defendants (excluding Defendant Farley) have released and continue to release false and defamatory information regarding the suspension of Plaintiff's License along with the unfounded allegation that the Board concocted regarding diversion of narcotics, a claim not even raised in the Administrative Complaint.

34.     The Department has maintained on multiple pages of its own website the same unfounded and unsubstantiated allegation against Plaintiff regarding diversion of narcotics. The following false and defamatory statement was published on the Department's website through June 7, 2004:

SUSPENSION 09/19/2002   Diverted controlled substances from her employer, Spring Valley
                        Nursing Home, for self-use.

*See* http://www.ildpr.com/licenselookup/disc.asp, a printout of which is attached hereto as Exh.

H.

35.     Furthermore, the Disciplinary Reports listed on the Department's website

contain the same false, defamatory and unfounded allegation as if it were fact.  The September

2002 Report reads:  "**Janet Snow, Princeton** – registered nurse license (041-241076)

indefinitely suspended for diverting controlled substances from her employer, Spring Valley

Nursing Home, for self-use."  *See* http://www.ildpr.com/news/discpln/0209_dis.pdf at 8, a

printout of which is attached hereto as Exh. I.

36.     The Department's licensing records are a matter of public record.  *See,*

*e.g., The News Tribune,* Fall 2002, Article "State suspends nurse's license," by Tom Collins,

News Tribune Senior Reporter, attached hereto as Exh. J.

37.     The Department's suspension of Plaintiff's License along with the false

statement regarding Plaintiff's diversion of controlled substances has also been published by the

National Practitioner Data Bank, which is available to all registered health care professionals.

*See* www.npdb-hipdb.com, Adverse Action Report No. 5500000027280073, attached hereto at

Exh. K.

38.     The publication of these defamatory statements about Plaintiff have

injured her in her profession and occupation, making it impossible for Plaintiff to find new

employment.  They also seriously stigmatized Plaintiff in the eyes of both her professional and

personal communities.

39.     By accompanying the suspension of Plaintiff's License with the release of

such stigmatizing information, without affording Plaintiff due process, the Department has

knowingly violated Plaintiff's constitutional liberty interest protected by the Fourteenth

Amendment of the United States Constitution and the corresponding provision under the

Constitution of the State of Illinois. *See* U.S.C.A. Const. Amend. 14; S.H.A. Const. Art. 1, § 2.

40.     In addition, by intentionally publicizing and/or causing to be publicized,

the false and defamatory statements concerning Plaintiff, the Defendants have harmed Plaintiff's

reputation, resulting in economic harm to Plaintiff. In so doing, Defendants have committed

libel in violation of the common law of Illinois.

41.     Though hampered by limited means, Plaintiff diligently sought appeal of

the suspension of her License, through administrative review. On October 23, 2002, Plaintiff

filed a Complaint for Administrative Review of the Department's final order, in the Circuit Court

of Cook County, Illinois. *See* Complaint for Administrative Review, filed October 23, 2002,

attached hereto as Exh. L. Defendant contested review of this order, knowing that there had

been a violation of her rights. *See* Answer to Complaint, filed November 25, 2002, attached

hereto as Exh. M.

42.     On January 3, 2003, the Department, including Defendants Grillo and

Doherty, offered to remand the Administrative Proceedings for a *de novo* hearing, but only on

the condition that "Plaintiff agrees to release and forever discharge Defendant, its agents,

officials, employees and successors from any and all state claims, federal claims, causes of

action, costs, fees, attorneys fees or expenses which arose or could have arisen out of or as a

consequence of the allegations contained in the administrative review action before the

Department ... whether known or unknown, from the beginning of time until the effective date

of this Settlement Agreement, including but not limited to, actions in law or equity." *See*

Proposed Agreed Order to Remand for De Novo Hearing, at ¶ 7, sent via facsimile from T.

Miller to P. O'Keefe, January 3, 2003, at 3, attached hereto as Exh. N. Plaintiff refused to accept this offer. In other words, Defendants offered to provide Plaintiff with her constitutional and statutory rights on the condition that Plaintiff release Defendants of their prior wrongful acts.

43. Plaintiff has continued to seek an opportunity to contest the charges brought against her. On March 30, 2004 Plaintiff filed a Motion for Remand in the Circuit Court. *See* Motion to Remand to the Department of Professional Regulation and to Order New Hearing, Case No. 02 CH 19186, dated March 30, 2004, attached hereto as Exh. O.

44. On May 4, 2004, the Department agreed orally in discussions with Plaintiff's counsel to reinstate Plaintiff's License and vacate the Orders against her, to be finalized in an Agreed Stipulation of Dismissal. Plaintiff's counsel in turn agreed to forego requiring the Department to submit its Reply to the Motion to Remand, originally set to be filed on May 6, 2004.

45. After additional weeks of postponing, and continuing to violate Plaintiff's rights, the Department recently entered an Agreed Stipulation and Agreed Order with Plaintiff. *See* Agreed Stipulation and Agreed Order ("Stipulation and Order"), filed June 2, 2004, attached hereto as Exh. P. This Stipulation and Order mandates the Department's dismissal of the Department's Administrative Complaint against Plaintiff, orders the Department to vacate all orders entered against Plaintiff, and reinstates Plaintiff's License to practice nursing as a registered nurse with the Department. Further, the Stipulation and Order requires the Department to correct its website to reflect the error of the previously reported statements regarding Plaintiff's suspension, and to direct the National Practitioner Data Bank to correct their records to reflect these changes, as well. *See id.* at ¶¶ 4 and 5 of Agreed Order and Agreed Stipulation of Dismissal, Exh P.

13

46.     At the time of the filing of this Complaint, Plaintiff's License still has not been reinstated and the Department's website as well as the National Practitioner Data Bank website still have not been fully corrected.

## COUNT I
## (AGAINST ALL INDIVIDUAL DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES): VIOLATIONS OF PROCEDURAL DUE PROCESS

47.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 46 as if fully set forth herein.

48.     By prosecuting the Administrative Proceedings and suspending Plaintiff's License without affording Plaintiff notice of the Administrative Proceedings against her, each of the individual Defendants, acting under color of state law, caused the deprivation of Plaintiff's constitutional and statutory rights. *See* U.S.C.A. Const. Amend. 14; S.H.A. Const. Art. 1, § 2; 225 ILCS 65/20-80; 5 ILCS 100/10-25; 42 U.S.C.A. § 1983.

49.     Furthermore, by suspending and/or causing the suspension of Plaintiff's License while they were aware of the fact that Plaintiff had not received notice, and aware of Plaintiff's correct address to which they should have sent notice to apprise Plaintiff of the Proceedings, Defendants acted with blatant disregard for Plaintiff's constitutional and statutory rights.

50.     The Defendants knew that notice was required by the federal and state constitutions and the relevant statutes, and knew that Plaintiff did not receive such notice.

51.     Defendant's conduct in the Administrative Proceedings against Plaintiff as set forth herein involved reckless and/or callous indifference to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

14

A.    For compensatory damages arising from Defendants' violations of Plaintiff's rights to procedural due process, in an amount greater than $100,000, including, but not limited to, Plaintiff's lost wages, Plaintiff's lost medical benefits, and her pain and suffering.

B.    For punitive damages for Defendants' reckless and/or callous indifference to Plaintiff's federally protected rights, in an amount greater than $500,000.

C.    For pre-judgment interest on all costs and damages at the maximum rate allowed by law from the time Plaintiff incurred the costs and damages.

D.    For costs, and attorneys' fees pursuant to 42 U.S.C. § 1988, including, but not limited to, the six thousand dollars ($6,000) Plaintiff borrowed to pay the attorney who helped her file the Motion for Rehearing before the Department.

E.    For such further relief as this Court may deem just and proper.

## COUNT II
## (AGAINST ALL INDIVIDUAL DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES): DEFAMATION IN CONJUNCTION WITH SUSPENSION UNDER § 1983

52.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 51 as if fully set forth herein.

53.    By releasing the unsubstantiated findings against Plaintiff of diversion of narcotics for self-use in connection with the suspension of her License to the press and on multiple pages of its website, the Department has stigmatized and continues to stigmatize Plaintiff's reputation in connection with its suspension of her License without affording Plaintiff notice and an opportunity sufficient to give her the opportunity to clear her name.

54.    Defendants' conduct, under color of state law, violated Plaintiff's clearly established constitutional right to notice and an opportunity to be heard before the publication of such purported findings against her in connection with the suspension of her License.

15

55.     The Defendants knew that notice was required by the federal and state constitutions and the relevant statutes, and knew that Plaintiff did not receive such notice.

56.     Defendant's conduct in the publicizing of such stigmatizing information about Plaintiff, in connection with the improper suspension, constitutes reckless and/or callous indifference to Plaintiff's federally protected rights.

57.     These actions constitute a blatant and continuing deprivation of Plaintiff's liberty interest, protected by the United States and Illinois Constitutions, without due process of law.  *See* U.S.C.A. Const. Amend. 14; S.H.A. Const. Art. 1, § 2; 42 U.S.C.A. § 1983.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.     For compensatory damages arising from Defendants constitutional defamation of Plaintiff, in an amount greater than $100,000.

B.     For punitive damages for Defendants' reckless and/or callous indifference to Plaintiff's federally protected rights, in an amount greater than $500,000.

C.     For pre-judgment interest on all costs and damages at the maximum rate allowed by law from the time Plaintiff incurred the costs and damages.

D.     For costs, and attorneys' fees pursuant to 42 U.S.C. § 1988.

E.     For such further relief as this Court may deem just and proper.

## COUNT III
## (AGAINST ALL DEFENDANTS IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES):
## DECLARATORY AND INJUNCTIVE RELIEF

58.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 57 as if fully set forth herein.

59.     The position and actions of the Department and the Department officials stated above manifest a policy of violating or ignoring the due process clause in the Illinois and

federal Constitutions as well as the procedure required by Illinois statutes and regulations, 225 ILCS 65/20-80 and 5 ILCS 100/10-25. Their continuing due process violations threaten Plaintiff with persistent violations of her rights in the future.

60.     To remedy the Defendants' continuing practice and policy of violating Plaintiff's due process, Plaintiff requests a declaration of their rights and duties, including a declaration that the Department, the Board and the Department officials, including Defendants Grillo, Pucinski, Doherty and Farley, have deprived Plaintiff of rights and privileges secured by the Constitution and the laws of the United States and have violated Plaintiff's right to due process as set out above.

61.     Such a declaration is a necessary and proper exercise of the Court's power at this time under the circumstances, in order to prevent further actions by the Department against Plaintiff that would deprive Plaintiff of rights and privileges and violate the due process requirements of the Illinois and federal Constitutions.

62.     Plaintiff cannot be fully compensated in damages for the harms incurred from the violations of law by Defendants, and thus has no adequate remedy at law for those continuing and ongoing violations. Maintaining the false and unsubstantiated allegations without correction on the Department website will force Plaintiff to suffer great and irreparable harm. Without such publicized correction, Plaintiff likely will not be able to engage in her profession or will be severely hampered in doing so. Plaintiff therefore seeks and is entitled to preliminary and permanent injunctive relief commanding Defendants to cease publication of the defamatory statements about Plaintiff in connection with the improper suspension and in a manner that violates 42 U.S.C. § 1983 and the due process clause of the Illinois and federal Constitutions.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

17

A.      For a judicial determination and a declaration that Defendants did not comply with the due process requirements of the Illinois and federal Constitution and so have violated 42 U.S.C § 1983, as well as Illinois statutes and regulations, 225 ILCS 65/20-80 and 5 ILCS 100/10-25.

B.      For a preliminary injunction and a permanent injunction commanding Defendants to: (i) cease all publication of the unsubstantiated allegations against Plaintiff in connection with the Department's suspension of her License regarding diversion of narcotics for self-use; (ii) issue an apology for such statements recognizing the Department's error in not affording Plaintiff due process to rebut previous charges brought against her; and (iii) publicize said apology and correction in connection with each instance of Plaintiff's record on the Department website for a period of no less than two (2) years following entry of judgment.

C.      For costs, and attorneys' fees pursuant to 42 U.S.C. § 1988.

D.      For such further relief as this Court may deem just and proper.

### COUNT IV
### (AGAINST ALL DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES):
### LIBEL

63.      Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 62 as if fully set forth herein.

64.      Defendants made and/or caused to be made false and defamatory communications concerning Plaintiff. *See* ¶¶ 34 and 35 *supra*. These statements impute to Plaintiff conduct which constitutes a crime punishable by imprisonment. These statements also impute to Plaintiff conduct, characteristics or a condition that would adversely affect her fitness for the proper conduct of her profession. These statements are false, malicious and untrue.

65.     Defendants intentionally published and/or intentionally caused to be published these communications to the public on multiple pages of the Department's website.

66.     Defendants are at fault in failing to ascertain the falsity of the false and defamatory communication published on the Department's website.

67.     Plaintiff's reputation has been and continues to be harmed by these communications both in her personal and professional capacity in her immediate community and in the medical community at large.

68.     Plaintiff has suffered economic harm resulting from this harm to her reputation, as she has been unable to procure employment in her chosen profession.

69.     Plaintiff has also suffered emotional distress resulting in bodily harm from this harm to her reputation and consequent harm to her career.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.     For compensatory damages in an amount greater than $100,000, including, but not limited to, Plaintiff's lost wages, lost medical benefits, and Plaintiff's pain and suffering.

B.     For punitive damages for Defendants' reckless and/or callous indifference to Plaintiff's federally protected rights, in an amount greater than $500,000.

C.     For pre-judgment interest on all costs and damages at the maximum rate allowed by law from the time Plaintiff incurred the costs and damages.

D.     For costs, and attorneys' fees pursuant to 42 U.S.C. § 1988.

E.     For such further relief as this Court may deem just and proper.

Dated: June 14, 2004

_James A. Cherney_
James A. Cherney
Leslie N. Rosen
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, Illinois 60606
Phone: (312) 876-7700
Fax: (312) 993-9767

Attorneys for Plaintiff

CH\685490.6

## JURY DEMAND

Plaintiff, by and through her attorneys, hereby demands a jury trial for all matters triable by right to a jury.

Dated: June 14, 2004

Leslie N. Rosen

James A. Cherney
Leslie N. Rosen
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, Illinois 60606
Phone: (312) 876-7700
Fax: (312) 993-9767

Attorneys for Plaintiff

# *Exhibit A*

STATE OF ILLINOIS

DEPARTMENT OF PROFESSIONAL REGULATION

DEPARTMENT OF PROFESSIONAL REGULATION    )
of the State of Illinois,    Complainant    )
    v.    ) No. 2000-04494
JANET R. SNOW    )
License No. 41-241076,    Respondent    )

COMPLAINT

Now comes the DEPARTMENT OF PROFESSIONAL REGULATION of

the State of Illinois, by Brian K. Farley, its Chief of Health

Related Prosecutions, and as its COMPLAINT against JANET R. SNOW,

Respondent, complains as follows:

COUNT I

(Unprofessional Conduct)

1.    JANET R. SNOW, Respondent, is presently the holder of
      a Certificate of Registration as a Registered Nurse in
      the State of Illinois, License No. 41-241076. Said
      license is presently in active status.

2.    Between March 2000 and June 2000, Respondent was
      employed at Spring Valley Nursing Home in Spring
      Valley, Illinois.

3.    On April 25, 2000, Respondent failed to give
      medications to ten (10) residents, according to the
      physician's orders.

4.    On April 25, 2000, Respondent failed to properly
      document on medication records whether or not
      medications were administered.

5.    On June 20, 2000, Respondent failed to give

00003

medications to at least seven (7) residents, according to the physician's orders.

6. On June 20, 2000, Respondent documented on the medication records that she did not give medications to five (5) residents as ordered by the physician's orders.

7. The foregoing acts and/or omissions are grounds for revocation or suspension of a Certificate of Registration pursuant to 225 Illinois Compiled Statutes 65/10-45(b)(7) and Rules Section 1300.65(a)1).

WHEREFORE, based on the foregoing allegations, the DEPARTMENT OF PROFESSIONAL REGULATION of the State of Illinois, by Brian K. Farley, its Chief of Health Related Prosecutions, prays that the Registered Nurse license of Janet R. Snow be suspended, revoked, or otherwise disciplined.

DEPARTMENT OF PROFESSIONAL REGULATION of the State of Illinois

BY: _____
Brian K. Farley
CHIEF OF HEALTH RELATED PROSECUTIONS

Mary E. Doherty
Attorney for the Department
of Professional Regulation
of the State of Illinois
100 West Randolph Street
Suite 9-300
Chicago, Illinois 60601
312/814-4506
MED:jr

00004

# *Exhibit B*

# Exhibit 1

**Illinois Department of Professional Regulation**

James R. Thompson Center
100 West Randolph—Suite 9-300
Chicago, Illinois 60601

Mary E. Doherty
2000 4294/NPH

1/4

RETURNED TOP SENDER
Unclaimed _____ Refused _____
Addressee unknown _____
Insufficient Address _____
No such street _____ Center _____ X
No such office in state _____
Do not remail in this envelope



Janet Snow
R.R. 1
Hanna City, IL 61536-9801

UNITED STATES POSTAL SERVICE

7180 9990 2880 0001 6309

CERTIFIED MAIL

$2.98

Janet Snow
R.R. 1
Hanna City, IL 61536-9801




00077

# Exhibit 2

. Doherty/200004494 Order

**s Department of
ssional Regulation**

CHICAGO
MAR 1 5'01
IL
PB METER
7103072
U.S. POSTAGE
≡ 0.34 ≡

pson Center
olph—Suite 9-300
s 60601



JANET SNOW
R.R. 1
Hanna City, Illinois 61536

$IN5 \, RP$

6153669691/3218

00076

STATE OF ILLINOIS
DEPARTMENT OF PROFESSIONAL REGULATION

DEPARTMENT OF PROFESSIONAL REGULATION )
of the State of Illinois, Complainant, )
)
v. )  No. _2000-04494_
_Janet   Snow_ )
)
License No. _41-241076_ )
)
Respondent )

01 MAR 15 AM 8: 22

ADJUDICATIVE SERVICES

### ORDER TO BE ANSWER OR BE HELD IN DEFAULT

This cause coming to be heard on the Preliminary Hearing, due notice having been given in accordance with Section 1110.70 of the "Rules of Practice in Administrative Hearings" (68 Ill.Adm.Code, Chapter VII, Section 1110.70, Subchapter a), the Department having been present by its attorney _M. Doherty_, and the Respondent having failed to file his/her appearance and answer and having failed to appear at the hearing,

IT IS HEREBY ORDERED as follows:

(1) The Illinois Compiled Statutes provide that you must file an Answer or otherwise plead to the Department's Complaint on or before _April 13, 2001_ (date for Answer).

(2) This matter is set for a status hearing on _May 7, 2001_, at _9:30_ a.m. at the Department's office, located at 100 West Randolph, Room 9-172, Chicago, Illinois 60601.

<u>Failure to attend or to file an answer shall result in the transferring of the matter to the Board on the pleadings, and the entry of a finding in favor of the Department on all allegations.</u>

The Answer and all other pleadings should be filed with the Department' Adjudicative Services Unit, 100 West Randolph, Suite 9-300, Chicago, Illinois 60601.

Mail: Certified _X_   Regular _X_   Dated: _3-12-01_

Fax to: _Janet  Snow_
_RR 1_
_Hanna City IL 61536_                    _Shari Dann_
Dept. Atty: _M. Doherty_                   Administrative Law Judge

IL486-1836 1/99 ALJ

Distribution:
White - File
Yellow - Respondent
Pink - Department Counsel

00005

STATE OF ILLIONIS)
            )
COUNTY OF COOK)

The undersigned, being duly sworn on oath, states that on the date hereafter set out, I mailed a copy of the foregoing ORDER, by depositing it in the United States mailbox located at 100 West Randolph Street, Suite 9-300, Chicago, Illinois, the ORDER also being mailed by certified mail at 100 West Randolph Street, Chicago, Illinois, to all parties at the addresses listed above.

_____
                        AFFIANT

Subsribed and sworn to before me

This **15** day of **M——**, 20**01**.

_____
          NOTARY PUBLIC

**"OFFICIAL SEAL"**
Charlotte Tybor
Notary Public, State of Illinois
My Commission Expires Mar. 1, 2000

4·3·04

# Exhibit 3

**Illinois Department of
Professional Regulation**

James R. Thompson Center
100 West Randolph — Suite 9-300
Chicago, Illinois 60601

JANET SNOW
R.R. 1
Hanna City, Illinois  61536-9801



U.S. POSTAGE

00075

STATE OF ILLINOIS
DEPARTMENT OF PROFESSIONAL REGULATION

DEPARTMENT OF PROFESSIONAL REGULATION )
of the State of Illinois, Complainant, )
            v. )  No. _2000 - 044494_
_Janet Snow_ )
License No. _41-241076_ )
                  Respondent )

## ORDER OF DEFAULT FOR FAILURE TO APPEAR OR ANSWER AND TO TRANSFER THE MATTER TO THE BOARD ON THE PLEADINGS

This cause coming to be heard on the status call, due notice having been given in accordance with Sections 1110.70 and 1110.120 of the "Rules of Practice in Administrative Hearings" (68 Ill.Adm.Code, Chapter VII, Section 1110, Subchapter a), the Department having been present by its attorney _M. Doherty_, the Respondent having previously been ordered to appear and file an Answer and having failed to do so,

IT IS HEREBY ORDERED that Respondent _Janet Snow_ is/are held in default for failure to file an appearance, an answer, or appear at the preliminary or status hearings.

IT IS FURTHER ORDERED that the matter be transferred to the _NURSING_ (name of Board) for its deliberations on the pleadings.

IT IS FURTHER ORDERED that this matter be continued for status to _September 24_, _2001_, at _1:00_ a.m./p.m., at the Department's office, located at 100 West Randolph Street, Room 9-172, Chicago, Illinois 60601.

Mail: Certified _X_ Regular _X_    Dated: _May 7, 2001_

Fax to: _Janet Snow_

_RR 1_

_Manno City, IL_

_61536-9801_     _____
                                  Administrative Law Judge

Dept. Atty: _M. Doherty_

IL486-1838 1/99 ALJ

Distribution:
   White - File
   Yellow - Respondent
   Pink - Department Counsel

00007

# Exhibit 4

Mary E. Doherty/2000-04494-1/2000

# Illinois Department of Professional Regulation

James R. Thompson Center
100 West Randolph – Suite 9-300
Chicago, Illinois 60601



☐ Not Deliverable As Addressed
☐ Unable To Forward
☒ Insufficient Address
☐ Moved, Left No Address
☐ Unclaimed ☐ Refused
☐ Attempted-Not Known
☐ No Such Street ☐ Number
☐ Vacant ☐ Illegible
☐ No Mail Receptacle
☐ Box Closed-No Order
☐ Returned For Better Address
☐ Postage Due

Janet Snow
Rural Route 1
Hanna City, IL 61536-9801

61536+9801



STATE OF ILLINOIS

DEPARTMENT OF PROFESSIONAL REGULATION

DEPARTMENT OF PROFESSIONAL REGULATION )
of the State of Illinois, Complainant )
                v.             )   No. 2000-04494-1
                          )
Janet Snow                 )
License No. 041-241076   Respondent  )

## 20 DAY NOTICE

TO:    Janet Snow
       Rural Route 1
       Hanna City , IL 61536-9801

      PLEASE TAKE NOTICE that the Board of Nursing of the Department of Professional Regulation of the State of Illinois, after hearing and considering evidence presented in the above case, has recommended indefinitely suspending your Registered Professional Nurse license in the State of Illinois for a minimum of three (3) years. A copy of the Board of Nursing's Findings of Fact, Conclusions of Law and Recommendation to the Director is attached hereto.

      YOU ARE HEREBY NOTIFIED that you have 20 days from the date this Notice is mailed to present to this Department your written Motion for a Rehearing. Said Motion shall specify the particular grounds for a Rehearing. Motions for rehearing are to be sent to:

               Mary E. Doherty
               Department of Professional Regulation
               100 W. Randolph, Suite 9-300
               Chicago, Illinois 60601

With a copy to:

               Hearings Unit
               Chief Administrative Law Judge
               Department of Professional Regulation
               100 W. Randolph, Suite 9-300
               Chicago, Illinois 60601

      The Director of this Department may grant oral argument on this Motion if he deems it necessary for a clearer understanding of the issues presented.

               DEPARTMENT OF PROFESSIONAL REGULATION
               of the State of Illinois

               BY: _Mary E Doherty_____
                   Mary E. Doherty
                   Attorney for the Department

Mary E. Doherty
Department of Professional Regulation
of the State of Illinois
100 West Randolph Street Suite 9-300
Chicago, Illinois 60601
312/814-4506
med:

00008

STATE OF ILLINOIS    )
                       ) ss:
COUNTY OF COOK     )

        UNDER PENALTIES, as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that I caused the attached _20D Notice_ to be deposited in the United States mailbox located at 100 West Randolph Street, Suite 9-300, Chicago, Illinois 60601 and by mailing same by certified mail at 100 West Randolph Street, Suite 9-300, Chicago, Illinois 60601, before 5:00 p.m. with proper postage prepaid on the _5th_ day of _March_ 2002 to all parties at the addresses listed on the attached documents.

Marthetta Counts
                        Affiant

STATE OF ILLINOIS

DEPARTMENT OF PROFESSIONAL REGULATION

DEPARTMENT OF PROFESSIONAL REGULATION    )
of the State of Illinois,    Complainant    )
   v.    ) No. 2000-04494-1
JANET SNOW,    )
License No. 41-241076,    Respondent    )

FINDINGS OF FACT, CONCLUSIONS OF LAW
AND RECOMMENDATION TO THE DIRECTOR

Now comes the Illinois Board of Nursing of the Department of Professional Regulation of the State of Illinois and, after reviewing the record in this matter, a majority of its members hereby makes the following Findings of Fact, Conclusions of Law and Recommendation to the Director:

FINDINGS OF FACT

1.  THAT Janet Snow, Respondent, is registered as a Registered Professional Nurse in the State of Illinois, holding a Certificate of Registration, License No. 41-241076, issued by the Department of Professional Regulation of the State of Illinois. Said license is in active status.

2.  THAT the Department filed a Complaint against the Respondent and sent notice of said Complaint to the Respondent by certified and regular mail on January 2,

00010

2001 to Respondent's last known address in accordance with the Department's records.

3. Said Complaint alleged that Respondent, between March and June 2000, was employed as a registered nurse at Spring Valley Nursing Home in Spring Valley, Illinois.

4. Said Complaint further alleged that during Respondent's employment at Spring Valley Nursing Home, on April 25, 2000, Respondent failed to give medications to 10 residents according to physician's orders.

5. Said Complaint further alleged that, on April 25, 2000, Respondent failed to properly document on medication records whether or not the medications were administered.

6. Said Complaint further alleged that, on June 20, 2000, Respondent failed to give medication to at least 7 residents per physician's orders.

7. Said Complaint further alleged that, on June 20, 2000, Respondent documented on the medication records that she did not give medications to 5 residents as ordered by the physician.

8. THAT Respondent failed to appear, either in person or by counsel for a preliminary hearing on March 12, 2001 or for status on May 7, 2001.

9. THAT Administrative Law Judge Shari Dam ordered that

00011

Respondent file an Answer to the Department's Complaint on or before April 13, 2001.

10. THAT that time has now passed and no Answer has been filed by or on behalf of the Respondent.

11. THAT on May 7, 2001, Administrative Law Judge Shari Dam transferred this matter to the Illinois Board of Nursing for its deliberations based on the pleadings.

## CONCLUSIONS OF LAW

1. THAT the Illinois Board of Nursing of the Department of Professional Regulation of the State of Illinois has jurisdiction over the subject matter and the parties in this case.

2. THAT Respondent's diversion of narcotics from his employer for self-use constitutes a violation of 225 Illinois Compiled Statutes 65/10-45(b)(7) and Rules Section 1300.65 (a)(1).

## RECOMMENDATION

The Illinois Board of Nursing of the Department of Professional Regulation of the State of Illinois, after making the above Findings of Fact and Conclusions of Law, recommends to Leonard A. Sherman, the Director of the Department of Professional Regulation, that Janet Snow's license to practice as a Registered Professional Nurse, License No. 41-241076, be indefinitely suspended for a minimum of three years. Upon filing a petition for

00012

restoration respondent must provide proof of an evaluation by an addictionologist, and meet the recommendations of the assessment. If Respondent remains out of practice for five (5) years, she must present evidence of successful completion of a Current Nursing Practice Update Course within one (1) year of application for restoration. Additionally, prior to restoration, Respondent must present evidence of successful completion of both an Ethics and Pharmacology Course approved by the Nursing Act Coordinator.

DATED THIS ____1st____ DAY OF ____March____, 20_02_.

_____
MEMBER

_____
MEMBER

_____
MEMBER

_____
MEMBER

_____
MEMBER

_____
MEMBER

_____
MEMBER

00013

# *Exhibit C*



State of Illinois

Department of Professional Regulation

The person whose signature appears hereon, having complied with the provisions of the Illinois Statute pertaining to such activity as regulated by the Illinois State Department, rules and regulations, and is hereby authorized to engage in the activity as indicated below.

REGISTERED
PROFESSIONAL NURSE

LICENSE NO.
041-241078

JANET R. SNOW
28100 2ND STREET
APT. 9
PERU, IL 61354

EXPIRES
05/31/2002

DIRECTOR

Issued under the authority of
The State of Illinois
Department of Professional Regulation

00035

# *Exhibit D*



State of Illinois
Department of Professional Regulation

LICENSE No.
041-240016

REGISTERED
PROFESSIONAL NURSE

EXPIRES
05/31/2004

JANET R SNOW
509 S 1ST STREET
PRINCETON IL 61356

This official status of this license can be verified at www.dpr.state.il.us

Issued under the authority of
The State of Illinois
Department of Professional Regulation
Director

# *Exhibit E*

STATE OF ILLINOIS

DEPARTMENT OF PROFESSIONAL REGULATION

DEPARTMENT OF PROFESSIONAL REGULATION )
of the State of Illinois, Complainant )
              v.           )    No. 2000-04494-1
Janet Snow                   )
License No. 041-241076    Respondent    )

<u>20 DAY NOTICE</u>

TO:      Janet Snow
          509 South 1st Street
          Princeton, IL 61356

        PLEASE TAKE NOTICE that the Board of Nursing of the Department of Professional Regulation of the State of Illinois, after hearing and considering evidence presented in the above case, has recommended indefinitely suspending your Registered Professional Nurse license in the State of Illinois for a minimum of three (3) years. A copy of the Board of Nursing's Findings of Fact, Conclusions of Law and Recommendation to the Director is attached hereto.

        YOU ARE HEREBY NOTIFIED that you have 20 days from the date this Notice is mailed to present to this Department your written Motion for a Rehearing. Said Motion shall specify the particular grounds for a Rehearing. Motions for rehearing are to be sent to:

                    Mary E. Doherty
                    Department of Professional Regulation
                    100 W. Randolph, Suite 9-300
                    Chicago, Illinois 60601

With a copy to:

                    Hearings Unit
                    Chief Administrative Law Judge
                    Department of Professional Regulation
                    100 W. Randolph, Suite 9-300
                    Chicago, Illinois 60601

        The Director of this Department may grant oral argument on this Motion if he deems it necessary for a clearer understanding of the issues presented.

                  DEPARTMENT OF PROFESSIONAL REGULATION
                  of the State of Illinois

                  BY: *Mary E. Doherty*
                    Mary E. Doherty
                    Attorney for the Department

Mary E. Doherty
Department of Professional Regulation
of the State of Illinois
100 West Randolph Street Suite 9-300
Chicago, Illinois 60601
312/814-4506
med:

STATE OF ILLINOIS )
                     ) ss:
COUNTY OF COOK )

        UNDER PENALTIES, as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that I caused the attached _30 Day Notice_ to be deposited in the United States mailbox located at 100 West Randolph Street, Suite 9-300, Chicago, Illinois 60601 and by mailing same by certified mail at 100 West Randolph Street, Suite 9-300, Chicago, Illinois 60601, before 5:00 p.m. with proper postage prepaid on the _12th_ day of _June_, 2002 to all parties at the addresses listed on the attached documents.

                                        _Helen Craig_
                                         Affiant

STATE OF ILLINOIS

DEPARTMENT OF PROFESSIONAL REGULATION

| | |
|---|---|
| DEPARTMENT OF PROFESSIONAL REGULATION | ) |
| of the State of Illinois,     Complainant | ) |
|      v. | ) No. 2000-04494-1 |
| JANET SNOW, | ) |
| License No. 41-241076,     Respondent | ) |

## FINDINGS OF FACT, CONCLUSIONS OF LAW
## AND RECOMMENDATION TO THE DIRECTOR

Now comes the Illinois Board of Nursing of the Department of Professional Regulation of the State of Illinois and, after reviewing the record in this matter, a majority of its members hereby makes the following Findings of Fact, Conclusions of Law and Recommendation to the Director:

### FINDINGS OF FACT

1. THAT Janet Snow, Respondent, is registered as a Registered Professional Nurse in the State of Illinois, holding a Certificate of Registration, License No. 41-241076, issued by the Department of Professional Regulation of the State of Illinois. Said license is in active status.

2. THAT the Department filed a Complaint against the Respondent and sent notice of said Complaint to the Respondent by certified and regular mail on January 2,

00016

2001 to Respondent's last known address in accordance with the Department's records.

3. Said Complaint alleged that Respondent, between March and June 2000, was employed as a registered nurse at Spring Valley Nursing Home in Spring Valley, Illinois.

4. Said Complaint further alleged that during Respondent's employment at Spring Valley Nursing Home, on April 25, 2000, Respondent failed to give medications to 10 residents according to physician's orders.

5. Said Complaint further alleged that, on April 25, 2000, Respondent failed to properly document on medication records whether or not the medications were administered.

6. Said Complaint further alleged that, on June 20, 2000, Respondent failed to give medication to at least 7 residents per physician's orders.

7. Said Complaint further alleged that, on June 20, 2000, Respondent documented on the medication records that she did not give medications to 5 residents as ordered by the physician.

8. THAT Respondent failed to appear, either in person or by counsel for a preliminary hearing on March 12, 2001 or for status on May 7, 2001.

9. THAT Administrative Law Judge Shari Dam ordered that

00017

Respondent file an Answer to the Department's Complaint on or before April 13, 2001.

10. THAT that time has now passed and no Answer has been filed by or on behalf of the Respondent.

11. THAT on May 7, 2001, Administrative Law Judge Shari Dam transferred this matter to the Illinois Board of Nursing for its deliberations based on the pleadings.

## CONCLUSIONS OF LAW

1. THAT the Illinois Board of Nursing of the Department of Professional Regulation of the State of Illinois has jurisdiction over the subject matter and the parties in this case.

2. THAT Respondent's diversion of narcotics from his employer for self-use constitutes a violation of 225 Illinois Compiled Statutes 65/10-45(b)(7) and Rules Section 1300.65 (a)(1).

## RECOMMENDATION

The Illinois Board of Nursing of the Department of Professional Regulation of the State of Illinois, after making the above Findings of Fact and Conclusions of Law, recommends to Leonard A. Sherman, the Director of the Department of Professional Regulation, that Janet Snow's license to practice as a Registered Professional Nurse, License No. 41-241076, be indefinitely suspended for a minimum of three years. Upon filing a petition for

00018

restoration respondent must provide proof of an evaluation by an addictionologist, and meet the recommendations of the assessment. If Respondent remains out of practice for five (5) years, she must present evidence of successful completion of a Current Nursing Practice Update Course within one (1) year of application for restoration. Additionally, prior to restoration, Respondent must present evidence of successful completion of both an Ethics and Pharmacology Course approved by the Nursing Act Coordinator.

DATED THIS ___3rd___ DAY OF ____May____, 20_02_.

_____
MEMBER

_____
MEMBER

_____
MEMBER

_____
MEMBER

_____
MEMBER

_____
MEMBER

_____
MEMBER

00019

# Exhibit F

# STATE OF ILLINOIS

## DEPARTMENT OF PROFESSIONAL REGULATION

DEPARTMENT OF PROFESSIONAL   )
REGULATION of the State of Illinois,  )
                  Complainant  )
                           )
    vs.                       )     Case No.: 2000-04494-1
                           )
JANET SNOW,              )
License No. 041-241076,        )
                Respondent.  )

## MOTION FOR REHEARING

**TO:**   Mary E. Doherty
       **Department of Professional Regulation**
       **100 West Randolph Street, Suite 9-300**
       **Chicago, Illinois 60601**

       **Hearings Unit**
       **Department of Professional Regulation**
       **100 West Randolph Street, Suite 9-300**
       **Chicago, Illinois 60601**

    **NOW COMES** Respondent, **JANET SNOW**, and respectfully requests a Rehearing herein and in support of said Motion, alleges and states as follows:

    1.    That in December, 2000, I moved my primary residence from Peru, Illinois, to my current residence at 509 South First Street, Princeton, Illinois 61356, and filled out the appropriate forwarding notices at the Peru, Illinois, Post Office.

    2.    That I never received any notice of the Complaint filed herein or these proceedings until receiving a copy of the 20-day notice on June 15, 2002.

3.     That in May, 2002, I contacted the Department of Professional Regulation to renew my license which was completed at that time (a copy of which is attached hereto), without any discussion or notice to me that the Complaint on these proceedings were pending.

4.     That I deny each and every allegation alleged in said Complaint and a Rehearing is necessary in the interests of due process to allow me to address each allegation.

Dated this 28th day of June, 2002.

JANET SNOW, Respondent

Janet Snow
509 South First Street
Princeton, Illinois  61356

SUBSCRIBED and SWORN TO
before me this 28th day of
June, 2002.

Notary Public

OFFICIAL SEAL
KATHLEEN S MILLS
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 10/03/05

2

00021

STATE OF ILLINOIS )
)  **S.S.**
COUNTY OF LASALLE )

## PROOF OF SERVICE

The undersigned, under oath, deposes and says that she mailed a true and correct copy of the **MOTION FOR REHEARING** via Certified Mail Return Receipt Requested, to the addresses listed below, by placing same in an envelope, addressed as shown with sufficient postage thereon, properly sealed and deposited in the United States Mail in LaSalle, Illinois on the 28th day of June, 2002, before the hour of 5:00 p.m.

**Mary E. Doherty**
**Department of Professional Regulation**
**100 West Randolph Street, Suite 9-300**
**Chicago, Illinois 60601**

**Hearings Unit**
**Department of Professional Regulation**
**100 West Randolph Street, Suite 9-300**
**Chicago, Illinois 60601**

Janet Snow

**SUBSCRIBED** and **SWORN TO**
before me this 28th day of
June, 2002.

Notary Public

OFFICIAL SEAL
KATHLEEN S MILLS
NOTARY PUBLIC, STATE OF ILLINOIS
COMMISSION EXPIRES: 10/03/05

3

00022



# *Exhibit G*

STATE OF ILLINOIS

DEPARTMENT OF PROFESSIONAL REGULATION

DEPARTMENT OF PROFESSIONAL REGULATION )
of the State of Illinois,   Complainant )
                    v.                  ) No. 2000-04494-1
Janet Snow,                             )
License No. 041-241076,      Respondent )

ORDER

This matter having come before the Board of Nursing of the State of Illinois, and the Board, having made certain Findings of Fact, Conclusions of Law and a Recommendation to the Director of the Department; and the Department having complied with all required notices;  and the Respondent having filed a motion for rehearing; the Department having filed a Response; and the Respondent filing a Reply;

NOW, THEREFORE, I, AURELIA PUCINSKI, DIRECTOR OF THE DEPARTMENT OF PROFESSIONAL REGULATION of the State of Illinois, do hereby adopt the Findings of Fact, Conclusions of Law and Recommendation of the Board of Nursing in this matter.

IT IS THEREFORE ORDERED that the Certificate of Registration, License No. 041-241076, heretofore issued to Janet Snow, to carry on the practice of Nursing in the State of Illinois is indefinitely suspended for a minimum of three (3) years. Upon filing a Petition for Restoration, Respondent must provide proof of evaluation of a certified addictionologist and must comply with the recommendations of the assessment. If Respondent remains out of practice for five (5) years, she must present evidence of successful completion of a Current Nursing Practice Update Course

Page 1 of 2

within one (1) year of application for restoration. Additionally, prior to restoration, the Respondent must present evidence of successful completion of an Ethics and Pharmacology Course approved by the Nursing Act Coordinator.

IT IS FURTHER ORDERED that Janet Snow immediately surrender said Certificate of Registration and all other indicia of licensure to the Department of Professional Regulation of the State of Illinois. Upon failure to do so, the Department shall seize said Certificate of Registration.

DATED THIS _____19th_____ DAY OF _____September_____, 2002.

DEPARTMENT OF PROFESSIONAL REGULATION
of the State of Illinois

_____
AURELIA PUCINSKI
DIRECTOR

MED:nk

Case No. 2000-04494-1
License No. 041-241076

Page 2 of 2

00040

STATE OF ILLINOIS
DEPARTMENT OF PROFESSIONAL REGULATION

DEPARTMENT OF PROFESSIONAL REGULATION )
of the State of Illinois, Complainant )
)
v. ) NO. 2000-04494-1
)
JANET SNOW      Respondent

## NOTICE

TO:  JANET SNOW
     509 SOUTH 1ST AVENUE
     PRINCETON, IL   61356

     PLEASE TAKE NOTICE that the Director of the Department of
Professional Regulation did sign the attached Order.

     YOU ARE FURTHER NOTIFIED that you have a right to judicial
review of all final administrative decisions of this Department,
pursuant to the provisions of the "ADMINISTRATIVE REVIEW ACT,"
approved May 8, 1945, and all amendments and modifications
thereof, and the rules adopted pursuant thereto.

     The order of the Director of the Department of Professional
Regulation will be implemented as of the date of the Order unless
the Order states otherwise.

                    DEPARTMENT OF PROFESSIONAL REGULATION
                    of the State of Illinois

               BY: _____
                    Clerk for the Department

All inquiries should
be directed to the
Prosecutions Unit
312/814-4477

50041

STATE OF ILLINOIS          )
                           )    ss:
COUNTY OF SANGAMON         )


    UNDER PENALTY of perjury, as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that I caused copies of the attached NOTICE AND ORDER, to be deposited in the United States mail, by CERTIFIED mail at 320 W. Washington, Springfield, Illinois 62786, before 5:00 p.m. with proper postage prepaid on the 19th day of September, 2002 to all parties at the addresses listed on the attached documents.


                                  _____
                                        AFFIANT

00042

STATE OF ILLINOIS

DEPARTMENT OF PROFESSIONAL REGULATION

| | |
|---|---|
| DEPARTMENT OF PROFESSIONAL REGULATION of the State of Illinois, Complainant<br>v.<br>JANET SNOW,<br>License No. 41-241076, Respondent | )<br>)<br>) No. 2000-04494-1<br>)<br>) |

## FINDINGS OF FACT, CONCLUSIONS OF LAW
## AND RECOMMENDATION TO THE DIRECTOR

Now comes the Illinois Board of Nursing of the Department of Professional Regulation of the State of Illinois and, after reviewing the record in this matter, a majority of its members hereby makes the following Findings of Fact, Conclusions of Law and Recommendation to the Director:

## FINDINGS OF FACT

1. THAT Janet Snow, Respondent, is registered as a Registered Professional Nurse in the State of Illinois, holding a Certificate of Registration, License No. 41-241076, issued by the Department of Professional Regulation of the State of Illinois. Said license is in active status.

2. THAT the Department filed a Complaint against the Respondent and sent notice of said Complaint to the Respondent by certified and regular mail on January 2,

00043

2001 to Respondent's last known address in accordance with the Department's records.

3. Said Complaint alleged that Respondent, between March and June 2000, was employed as a registered nurse at Spring Valley Nursing Home in Spring Valley, Illinois.

4. Said Complaint further alleged that during Respondent's employment at Spring Valley Nursing Home, on April 25, 2000, Respondent failed to give medications to 10 residents according to physician's orders.

5. Said Complaint further alleged that, on April 25, 2000, Respondent failed to properly document on medication records whether or not the medications were administered.

6. Said Complaint further alleged that, on June 20, 2000, Respondent failed to give medication to at least 7 residents per physician's orders.

7. Said Complaint further alleged that, on June 20, 2000, Respondent documented on the medication records that she did not give medications to 5 residents as ordered by the physician.

8. THAT Respondent failed to appear, either in person or by counsel for a preliminary hearing on March 12, 2001 or for status on May 7, 2001.

9. THAT Administrative Law Judge Shari Dam ordered that

00044

Respondent file an Answer to the Department's Complaint on or before April 13, 2001.

10. THAT that time has now passed and no Answer has been filed by or on behalf of the Respondent.

11. THAT on May 7, 2001, Administrative Law Judge Shari Dam transferred this matter to the Illinois Board of Nursing for its deliberations based on the pleadings.

## CONCLUSIONS OF LAW

1. THAT the Illinois Board of Nursing of the Department of Professional Regulation of the State of Illinois has jurisdiction over the subject matter and the parties in this case.

2. THAT Respondent's diversion of narcotics from his employer for self-use constitutes a violation of 225 Illinois Compiled Statutes 65/10-45(b)(7) and Rules Section 1300.65 (a)(1).

## RECOMMENDATION

The Illinois Board of Nursing of the Department of Professional Regulation of the State of Illinois, after making the above Findings of Fact and Conclusions of Law, recommends to Leonard A. Sherman, the Director of the Department of Professional Regulation, that Janet Snow's license to practice as a Registered Professional Nurse, License No. 41-241076, be indefinitely suspended for a minimum of three years. Upon filing a petition for

00045

restoration respondent must provide proof of an evaluation by an addictionologist, and meet the recommendations of the assessment. If Respondent remains out of practice for five (5) years, she must present evidence of successful completion of a Current Nursing Practice Update Course within one (1) year of application for restoration. Additionally, prior to restoration, Respondent must present evidence of successful completion of both an Ethics and Pharmacology Course approved by the Nursing Act Coordinator.

DATED THIS ___3rd___ DAY OF ___May___, 20_02_.

_____
MEMBER

_____
MEMBER

_____
MEMBER

_____
MEMBER

_____
MEMBER

_____
MEMBER

_____
MEMBER

00046

# *Exhibit H*



**Illinois Department of**
# Professional Regulation

Fernando E. Grillo, Director

www.il

Rod R. Blago

## 6/7/2004
## Information found on:
## JANET R SNOW, 41241076, LA SALLE, IL

| Action | Discipline Start Date | Discipline End Date | Description |
|--------|----------------------|---------------------|-------------|
| SUSPENSION | 09/19/2002 | | Diverted controlled substances from her employer, Spring Valley Nursing Home, for self-use. |

Click **here** for definitions of the different types of disciplinary actions the Department may impose. The information from this Lookup dates back to January 1, 1990. Any actions taken against a licensee prior to 1990 will not be displayed.

Note: Access to some parts of this site require a minimum version of Internet Explorer 5.0 and above, *Netscape Navigator 6 and above and IBM Homepage Reader 3.0 and above.

* (Certain applications may be viewed and all information is accessible using Netscape 4.7 but due to the age of the browser and the lack of standards in place at the time of its development it will not display/handle the pages as effectively as newer browsers.)


Copyright © 2002 Professional Regulation

Site Map | Illinois Privacy Information| DPR Privacy Statement | Contact DPR |Kids Privacy | Web Accessibility



j

6/7/2004        **Illinois Department of Professional Regulation**        4:30:38 PM

## SEARCH FOR LICENSEE BY PROFESSION:
### Nurse Registered, Professional
### THERE ARE 7 RECORDS WHOSE NAME CONTAINS: snow

| Licensee's Name | DBA / AKA | License Number | License Status | City, State | Original Date | Current Exprtn | Ever Discplned? |
|---|---|---|---|---|---|---|---|
| JANET L SNOW | | 41128867 | ACTIVE | LOCKPORT, IL | 10/31/1968 | 05/31/2006 | N |
| JANET R SNOW | | 41241076 | SUSPENDED | LA SALLE, IL | 04/30/1987 | 05/31/2004 | Y |
| JENNIFER L SNOW | | 41289899 | NON-RENEWED | PEORIA, IL | 07/29/1995 | 05/31/1998 | N |
| JOY A SNOW | | 41233892 | ACTIVE | SCHAUMBURG, IL | 11/12/1985 | 05/31/2006 | N |
| JUDITH A SNOW | | 41291911 | ACTIVE | PEORIA, IL | 09/06/1995 | 05/31/2006 | N |
| JULIE A SNOW | | 41291010 | ACTIVE | ROCKTON, IL | 08/22/1995 | 05/31/2006 | N |
| JUNE I SNOW | | 41027841 | INACTIVE | PEORIA, IL | 06/28/1934 | 05/31/1988 | N |

**Page 1**

# *Exhibit I*

## ILLINOIS DEPARTMENT OF PROFESSIONAL REGULATION
## DISCIPLINARY REPORT FOR SEPTEMBER 2002

Contact: Tony Sanders
Phone: 217-524-8195
Fax: 217-524-9296
Web site: www.dpr.state.il.us

  **Springfield, Illinois –** Aurelia Pucinski, Director of the Illinois Department of Professional Regulation, announced the following disciplinary actions taken by the Department during the month of **September 2002.**

## ARCHITECTS, LAND SURVEYORS, PROFESSIONAL ENGINEERS AND STRUCTURAL ENGINEERS

  **Scott D. Hildebrand, Carefree, AZ –** architect license (001-016158) placed in refuse to renew status after defaulting on an Illinois Student Assistance loan.

  **Michael B. Rosen, Chicago –** architect license (001-006716) reprimanded and fined $2,000 for practicing on a non-renewed license.

## ATHLETIC TRAINING

  **Tiffany Kathryn Wills, Coal City –** athletic trainer license (096-001709) issued with reprimand and fined $200 for practicing without a license for nine months.

## BARBER, COSMETOLOGY, ESTHETICS AND NAIL TECHNOLOGY

  **Cali Nails, Gurnee, and Kenny Be Phan, Chicago –** Cali Nails' salon license (189-006312) reprimanded, and Phan's nail technician license (169-011760) reprimanded and fined $100, for aiding and abetting the unlicensed practice of nail technology.

  **Leah M. Hish, Geneva –** cosmetologist license (011-216760) reprimanded and fined $175 for practicing on a non-renewed license.

  **Teresa A. Jirsa, Carol Stream –** cosmetologist license (011-211256) restored with reprimand and fined $200 for practicing on a non-renewed license.

  **Aida Kapetanovic, Chicago –** cosmetologist license (011-213694) suspended for 30 days and fined $700 for working on a non-renewed license for three years.

  **Dap Van Le, Chicago –** nail technician license (169-006509) restored to active and fined $500.

  **Angela McAfee, Washington Park –** cosmetologist license (011-222690) suspended for 30 days and fined $850 for practicing on a non-renewed license for six years.

1

## ILLINOIS DEPARTMENT OF PROFESSIONAL REGULATION
## DISCIPLINARY REPORT FOR SEPTEMBER 2002

**Renate Miller, Florissant, MO** – cosmetologist license (011-261183) suspended for 30 days upon issuance and fined $700 for practicing for six years prior to applying for a license.

**Nail Tech 8, Chicago** – salon license (189-004786) reprimanded and fined $100 for aiding and abetting the unlicensed practice of nail technology.

**Ruby Roberson, Chicago** – cosmetologist license (011-221732) revoked for violating the terms and conditions of a previous Department order.

The following individuals were ordered to cease and desist the unlicensed practice as barbers:

**James Evans, Dolton**
**Alejandro Garcia, Chicago**
**Zorah A. Irons, Waukegan**
**Andalla Abouel Naga, Chicago**
**Raymond Powe, Chicago**
**Helmi Saed, Chicago**
**Louis Varlack, North Chicago**
**Ibrahim Mohammad Yusuf, Chicago**

The following individuals were ordered to cease and desist the unlicensed practice of cosmetology:

**Monica Theresa Bean, Chicago**
**Mark Black, Mount Vernon**
**Francoise O. Deka-James, Alsip**
**Gwendolyn Edwards, Riverdale**
**Oluwaseun Agnes Fagbola, Evanston**
**Leticia Garcia, Chicago**
**Carmen Jones, Mount Vernon**
**Yand Li, Chicago**
**Flora G. Lopez, Chicago**
**Hetal Patel, Schaumburg**

The following individuals were ordered to cease and desist the unlicensed practice as nail technicians:

**Cai Duong, Orland Park**
**Jaqueline Gonzalez, Belvidere**
**Lien T. Hoang, Chicago**
**Lien Bich Lai, Chicago**
**Chi T. Hilan Le, Orland Park**
**Thanh T. Le, Chicago**

ILLINOIS DEPARTMENT OF PROFESSIONAL REGULATION
DISCIPLINARY REPORT FOR SEPTEMBER 2002

**Ordered to cease and desist nail technology**

**Hoa Cam Luu, Chicago**
**An Thi Cao Mi, Orland Park**
**Dao Nguyen, Davenport, IA**
**Linh Thuy Thi Nguyen, Chicago**
**My Nguyen, Orland Park**
**Nhut Minh Pham, Springfield**
**Phu Hoang Pham, Ottawa**
**Rolande Sanders, Chicago**
**Ashley Swartz, Ottawa**
**Tu Than H. Ta, Orland Park**
**Lu Linh Thuy, Naperville**

## DENTAL

**Mark. F. Butler, Bolingbrook** – dentist (019-016196) and controlled substance licenses temporarily suspended pending proceedings before the Board of Dentistry for prescribing narcotic pain medications in a non-therapeutic manner and without an active license to do so. The Department also alleges Butler performed dentistry on patients in his home without any dental chair, equipment, or sanitary safeguards.

**James V. D'Alise, Chicago** – dentist license (019-013583) restored and placed on probation for six months.

**Andrea M. Miller, Frankfort** – dentist (019-022059) and controlled substance licenses placed on probation after defaulting on an Illinois Student Assistance loan.

## DETECTIVE, ALARM, SECURITY AND LOCKSMITH

**Janet G. Anderson, Chicago** – permanent employee registration card (129-258602) issued and placed on probation for one year for failing to disclose criminal conviction history.

**Vetta Boyce, Chicago** – permanent employee registration card (129-026596) restored with reprimand for failing to properly test for firearm authorization training.

**Tyrone Collins, Chicago** – permanent employee registration card (129-008057) placed on probation for two years for failing to report his arrest and criminal conviction to the Department.

**Jeraldine G. Gulley, Rockford** – permanent employee registration card (129-258603) issued and placed on probation for one year due to criminal conviction history.

3

## ILLINOIS DEPARTMENT OF PROFESSIONAL REGULATION
## DISCIPLINARY REPORT FOR SEPTEMBER 2002

**Shareese R. Holston, Chicago** – permanent employee registration card (129-231630) indefinitely suspended for failing to pay Illinois income taxes for 1995 and 1996, and failing to file Illinois income tax returns for 1997 and 2000.

**Kenya A. Mitchell, Chicago** – permanent employee registration card (129-180304) placed on probation for one year for failing to report his arrest and conviction to the Department.

**Gintautas Neverauskis, Hickory Hills** – permanent employee registration card (129-258605) issued and placed on probation for two years for failing to disclose criminal conviction history.

**Virgie L. Ray, East St. Louis** – permanent employee registration card (129-235375) and firearm authorization card (229-054355) indefinitely suspended after violating the terms and conditions of a previously ordered probation.

**Peter J. Volpe, LaGrange** – private detective (115-001215) and private security contractor (119-000843) licenses revoked due to criminal conviction for conspiracy to commit theft of an interstate shipment.

The following individuals' permanent employee registration cards were indefinite suspended after violating the terms and conditions of previously ordered probations:

| | |
|---|---|
| **Donald Cantrall III, Springfield** | 129-244215 |
| **Michelle L. Fenn, Washington** | 129-251609 |
| **Edmond Law, Creve Coeur** | 129-247694 |
| **Devon D. Morrissey, Peoria Heights** | 129-251586 |
| **Craig Randerson, Bloomington** | 129-242970 |
| **Robby D. Reeves, Decatur** | 129-247696 |
| **Sarah J. Schifler, Palestine** | 129-251588 |
| **Travis R. Smith, Springfield** | 129-251591 |

The following individuals' permanent employee registration cards were issued and placed on probation for three years for failing to disclose criminal conviction histories:

| | |
|---|---|
| **Lamont R. Johnson, Chicago** | 129-258164 |
| **Catherine Thomas, Chicago** | 129-258604 |

## DIETETIC & NUTRITION

**Scott Alan Smith, Bloomington** – dietitian license (164-002981) indefinitely suspended after pleading guilty to delivery of a controlled substance, a felony, in McLean County.

## ILLINOIS DEPARTMENT OF PROFESSIONAL REGULATION
## DISCIPLINARY REPORT FOR SEPTEMBER 2002

### FUNERAL DIRECTORS & EMBALMERS

**Gerald Ernest, Decatur** – funeral director and embalmer license (034-010591) reprimanded and fined $150 for failing to obtain a permit or a death certificate prior to removing a deceased body to another state.

**Susie Kinnie, Maywood** – funeral director and embalmer license (034-014427) revoked for practicing on a non-renewed license, failing to file death certificates within the statutory time period, threatening a Department investigator, and storing human remains in a casket in the garage of her funeral home.

**Terry Richardson, Wayne City** – funeral director and embalmer license (034-010758) reprimanded and fined $250 for practicing on a non-renewed license.

### MEDICAL

**Frank G. Antonino, Naperville** – chiropractor license (038-004840) placed on indefinite probation for failing to make timely production of medical records, allegedly entering a financial relationship with a patient by soliciting and accepting a loan from the patient, improperly using the title "police surgeon," and due to a Illinois income tax delinquency.

**Yong K. Bahn, Chicago** – physician and surgeon license (036-044564) indefinitely suspended for failing to order a mammogram and/or biopsy on a small nodule located in a patient's right breast which was later diagnosed as carcinoma.

**Ravi T. Barnabas, Chicago** – physician and surgeon license (036-068798) indefinitely suspended due to a felony conviction for participating in a racketeering enterprise.

**Baron Von Baucom, Carbondale** – physician and surgeon license (036-061523) restored and placed on indefinite probation.

**Kevin E. Donka, Lake in the Hills** – chiropractor license (038-006128) placed on indefinite probation after defaulting on an Illinois Student Assistance loan.

**Alan Hagen, Nashville** – medical controlled substance license restored and placed on indefinite probation.

**Gregory O. Harrison, Carbondale** – physician and surgeon license (036-081703) reprimanded for allegedly failing to properly monitor the post-operative care of one of his patients resulting in a staphylococcus infection and delayed healing.

5

## ILLINOIS DEPARTMENT OF PROFESSIONAL REGULATION
## DISCIPLINARY REPORT FOR SEPTEMBER 2002

**Avner Kauffman, Frankfort** – physician and surgeon license (036-030820) indefinitely suspended for treating and prescribing for patients he did not examine, prescribing for non-patients who he did not examine, writing prescriptions for a person in the name of another, and failing to keep proper records. Kaufman's license has been temporarily suspended since Feb. 2000.

**Reda Kilani, Aurora** – physician and surgeon license (036-076152) suspended for 60 days followed by probation after being convicted of a felony for unlawful production of cannabis sativa plant.

**Larry Mitchell, Chicago** – physician and surgeon license (036-059410) placed on indefinite probation for failing to pay Illinois income taxes.

**Aleksey Polyakov, Buffalo Grove** – chiropractor license (038-008702) suspended for six months followed by probation for five years due to criminal conviction of federal mail fraud for falsely reporting a motor vehicle stolen.

**Bruce Roper, Chicago** – physician and surgeon license (036-096213) indefinitely suspended. The final disciplinary order is sealed and may only be viewed or copied pursuant to court order.

**Michael D. Schauber, Belleville** – physician and surgeon license (036-075326) indefinitely suspended after being disciplined in Florida.

**Jason D. Smith, Chicago** – physician and surgeon license (036-057474) restored with reprimand. Dr. Smith's controlled substance license ordered to remain on indefinite probation.

**Abram Starr, Chicago** – physician and surgeon license (036-069232) reprimanded for unprofessional conduct in being too conservative in his treatment of a patient with kidney stones. The patient subsequently had a kidney stone surgically removed without incident.

**Thomas E. Wood, Centralia** – physician and surgeon license (036-064292) reprimanded and placed on probation for one year for violating the terms and conditions of a previously ordered probation. This discipline supercedes the terms and duration of the indefinite probation imposed on Dr. Wood's license on Jan. 3, 1997. His controlled substance license remains indefinitely suspended.


## NURSING

**Denise Ayers-McAtee, Sherrard** – registered nurse license (041-306637) indefinitely suspended after violating the terms and conditions of a previously ordered probation.

**Marylou Griffith Barredo, Chester** – registered nurse license (041-314055) reprimanded for allegedly taking medication tablets that patients had refused while employed at St. Clement Health Services.

## ILLINOIS DEPARTMENT OF PROFESSIONAL REGULATION
## DISCIPLINARY REPORT FOR SEPTEMBER 2002

**Cynthia Buesking, Mattoon** – registered nurse license (041-165320) placed on probation for three years for diverting Tylenol #3 from her employer for self-use.

**Victoria Charlton, Chicago** – registered nurse license (041-233615) placed on probation for three years after engaging in inappropriate behavior while working in a patient's home by falling asleep while on duty.

**Mallory D. Carson, Mesa, AZ** – licensed practical nurse (043-066928) placed on indefinite probation after defaulting on an Illinois Student Assistance loan.

**Debra Christner, Sciota** – licensed practical nurse license (043-063819) placed on indefinite probation due to criminal conviction of unlawful delivery of a controlled substance.

**Susan Eades, Monticello** – registered nurse license (041-281762) placed on indefinite probation for diverting Nubain from John and Mary Kirby Hospital in Monticello for self-use.

**Tim Theodore Engdahl, Chicago** – registered nurse license (041-246487) placed on indefinite probation after he indicated a positive history for substance abuse on his renewal application.

**Deborah Fazzio, Palatine** – registered nurse license (041-166421) indefinitely suspended after self-reporting that she had a relapse on Vicodin in violation of a previously imposed probation.

**Linda L. Good, Mt. Vernon** – licensed practical nurse license (043-067023) will be placed on indefinite probation for failing to pay Illinois income taxes when the current suspension on her license ends.

**Heidi Hedrington, Rockton** – registered nurse license (041-259553) placed on probation for four years after being disciplined in Wisconsin.

**Jennifer G. Horwitz, Okemos, MI** – registered nurse (041-254113) and advanced practice nurse (209-003028) licenses indefinitely suspended for diverting Fentanyl from her employer, Cook County Hospital, for self-use

**Mary J. Johnson, Hoffman Estates** – licensed practical nurse license (043-058757) restored and placed on probation for three years.

**Laura K. Knudsen, LaGrange** – registered nurse license (041-275716) placed on probation for three years after she was terminated from a nursing position for violating an employee assistance program.

**Sondra Kwietnewski, Romeoville** –registered nurse license (041-277218) placed on probation for three years for engaging in unprofessional conduct by ingesting wastage and is impaired.

7

## ILLINOIS DEPARTMENT OF PROFESSIONAL REGULATION
## DISCIPLINARY REPORT FOR SEPTEMBER 2002

**Pamela Sue Leese, DeKalb** – registered nurse license (041-156223) placed on probation for three years after being terminated from her nursing position after lab tests established the presence of Valium in her system.

**Lewis University College of Nursing Baccalaureate Degree Nursing Program, Romeoville** - baccalaureate degree nursing program placed on probation after the annual pass rate of its graduates who first take the National Council License Exam for Registered Nurses fell below 75% for two consecutive years.

**Renda McGee, Pekin** – licensed practical nurse license (043-076965) reprimanded for failing to obtain complete medication orders for the admission of a new resident to the Pekin Living and Rehabilitation Center.

**Thomas Wayne Nimmons, Decatur** – licensed practical nurse license (043-081172) placed on probation for three years due to addiction to alcohol.

**Janet Snow, Princeton** – registered nurse license (041-241076) indefinitely suspended for diverting controlled substances from her employer, Spring Valley Nursing Home, for self-use.

**Heather Stinson, Grayville** – licensed practical nurse license (043-084313) placed on probation for three years after she was arrested for calling in an unauthorized prescription for hydrocodone for herself.

**Christopher A. Sweborg, Galesburg** – registered nurse license (041-318595) placed on indefinite probation after testing positive for marijuana in a pre-employment urinalysis screen.

**Joyce Skelton Thorpe, Bloomington** – registered nurse license (041-144866) placed on probation for three years after testing positive on an alcohol breath test.

The following individuals' registered nurse licenses were placed on indefinite probation after defaulting on Illinois Student Assistance loans:

**Deborah Maxwell, Lake in the Hills, WI** ....................................................041-289501
**Susan L. Owens, Broken Arrow, OK**........................................................041-287064

## PHARMACY

**Jennifer D. Murphy, Canton** – pharmacy technician license (049-092676) indefinitely suspended for willfully making false records for the purpose of fraudulently obtaining money from her pharmacy employer's insurance carrier.

**Cathy M. Seiwert, Elmwood Park and Schiller Park** – pharmacy technician license (049-125180) revoked for dispensing prescription medications without receiving prescriptions and diverting controlled substances for other than medical purposes.

## ILLINOIS DEPARTMENT OF PROFESSIONAL REGULATION
### DISCIPLINARY REPORT FOR SEPTEMBER 2002

**Jeffrey Ziffra, Naperville** – pharmacist license (051-035954) restored and placed on probation for five years.

## PSYCHOLOGY

**Joyce Nugent Hirschbeck, Alsip** – clinical psychologist license (071-005620) reprimanded and fined $1,500 for engaging in a personal relationship with a patient.

**Bernard Levine, Libertyville** – clinical psychologist license (071-001047) indefinitely suspended for allegedly repeatedly engaging in inappropriate physical conduct with a female patient over a 10 year period. Suspension shall commence upon the completion of the suspension which is currently imposed on Levine's license.

## ROOFING CONTRACTORS

**Scott Newman d/b/a Colonial Builders Construction Co., Galesburg** – roofing contractor license (104-012232) revoked for accepting a partial payment to provide a new roof on a house which he did not provide.

**Sun Dance Roofing Co., Catlin** – roofing contractor license (104-011076) indefinitely suspended after a roof he installed leaked.

The following individuals/companies were ordered to cease and desist the unlicensed practice as roofing contractors:

**A Priority Roofing Systems, Chicago**
**Robert Murphy, Chatham**
**Ronald Vest, Bowen**

## SOCIAL WORK

**Shlomo Tenenbaum, Skokie** – ordered to pay a civil penalty of $500 for holding himself out as a social worker without being properly licensed.

# # #

9

# *Exhibit J*

# State suspends nurse's license

**By Tom Collins**
NewsTribune Senior Reporter

A Princeton nurse had her license suspended indefinitely for using drugs obtained from the Spring Valley Nursing Center.

Janet Snow had her license suspended for a minimum of three years by order of the Illinois Department of Professional Regulation, according to department order dated Sept. 19.

According to department records released recently, Snow was accused of failing to dispense medication to residents of the nursing center on April 25, 2000, and again on June 20, 2000, reportedly diverting the drugs for self-use.

Snow then failed to appear for hearings on the matter on March 12, 2001, and again on May 7, 2001.

To be reinstated, Snow must provide proof of an evaluation by an addiction counselor and meet recommendations of an assessment. She must also successfully complete both an ethics and pharmacology course approved by the Nursing Act Coordinator.

Snow's telephone number was disconnected and she could not be reached for comment.

Shirley Michalski, administrator of the Spring Valley Nursing Center, said Snow no longer works at the nursing center but otherwise declined comment.

# *Exhibit K*

**National Practitioner Data Bank**
**Healthcare Integrity and Protection Data Bank**
P.O. Box 10832
Chantilly, VA 20153-0832

**www.npdb-hipdb.com**

DCN: 5500000027280073
Process Date: 09/27/2002
Page: 1   of 3

# ADVERSE ACTION REPORT
## STATE LICENSURE ACTION

### Report Number   5500000027280073

This report is maintained in:

[ ]  The National Practitioner Data Bank

[X]  The Healthcare Integrity and Protection Data Bank

The information contained in this report is maintained by the Healthcare Integrity and Protection Data Bank for restricted use under the provisions of Section 1128E of the Social Security Act, and 45 CFR Part 61. All information is confidential and may be used only for the purpose for which it was disclosed. For additional information or clarification, contact the reporting entity identified in Section A.

**A. REPORTING ENTITY**

| | |
|---|---|
| Entity Name: | ILLINOIS DEPT OF PROFESSIONAL REGULATION |
| Address: | PO BOX 7045 |
| City, State, ZIP: | SPRINGFIELD, IL 62791 |
| Name or Office: | DEBRA BROWN |
| Title or Department: | DATA BANK ADMINISTRATOR |
| Telephone: | (217)524-2039 |
| Type of Report: | INITIAL REPORT |

**B. SUBJECT IDENTIFICATION INFORMATION (INDIVIDUAL)**

| | |
|---|---|
| Subject Name: | SNOW, JANET R |
| Other Name(s) Used: | |
| Gender: | FEMALE |
| Date of Birth: | 12/05/1950 |
| Home Address: | 509 S 1ST ST |
| City, State, ZIP: | PRINCETON, IL   61356 |
| Country: | |
| Organization Name: | |
| Work Address: | |
| City, State, ZIP: | |
| Country: | |
| Organization Type: | |
| Other, as Specified: | |
| Deceased: | UNKNOWN |
| Date of Death: | |
| Federal Employer Identification Numbers (FEIN): | |
| Social Security Numbers (SSN): | 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 |
| National Provider Identifiers (NPI): | |
| Professional School(s) & Year(s) of Graduation: | ILLINOIS VALLEY COMM COLLEGE 1986 |

**CONFIDENTIAL DOCUMENT – FOR AUTHORIZED USE ONLY**

05/08/2004  12:43   813228965                                                          PAGE  02

National Practitioner Data Bank
Healthcare Integrity and Protection Data Bank
P.O. Box 10832
Chantilly, VA 20153-0832

www.npdb-hipdb.com

```
DCN: 50000027280073
Process Date: 09/27/2002
Page:  2   of  3
```

|  |  |
|---|---|
| Occupation/Field of Licensure (Code): | REGISTERED (PROFESSIONAL) NURSE (100) |
| State License Number, State of Licensure: | 041-241076, IL |
| Other, as Specified: | |
| Specialty: | |
| Drug Enforcement Administration (DEA) Numbers: | |
| Unique Physician Identification Numbers (UPIN): | |
| Name(s) of Health Care Entity (Entities) With Which Subject Is Affiliated or Associated (Inclusion Does Not Imply Complicity in the Reported Action.): | |
| Business Address of Affiliate: | |
| City, State, ZIP: | |
| Country: | |
| Nature of Relationship(s): | |
| Other, as Specified: | |

**C. INFORMATION REPORTED**

|  |  |
|---|---|
| Type of Adverse Action: | STATE LICENSURE |
| Name of Agency or Program that Took the Adverse Action Specified in This Report: | IL DEPT OF PROFESSIONAL REGULATION |
| Adverse Action Classification Code(s): | SUSPENSION OF LICENSE (1135) |
| Other, as Specified: | |
| Date Action Was Taken: | 09/19/2002 |
| Date Action Became Effective: | 09/19/2002 |
| Length of Action: | INDEFINITE |
| Years: | |
| Months: | |
| Days: | |
| Total Amount of Monetary Penalty, Assessment and/or Restitution: | |
| Is Subject Automatically Reinstated After Adverse Action Period Is Completed?: | NO |
| Narrative Description of Act(s) or Omission(s) or Other Reasons for Action Taken: | RESPONDENT FAILED TO GIVE MEDICATIONS TO NUMEROUS RESIDENTS ON VARIOUS DATES ACCORDING TO PHYSICIAN'S ORDERS; FAILED TO PROPERLY DOCUMENT ON MEDICATION RECORDS WHETHER OR NOT THE MEDICATIONS WERE ADMINISTERED.  LICENSE SHALL BE INDEFINITELY SUSPENDED FOR A MINIMUM OF THREE YEARS WITH CONDITIONS. |
| Basis for Action: | DIVERSION OF CONTROLLED SUBSTANCE (H5) |
| Other, as Specified: | |
|  | OTHER - NOT CLASSIFIED, SPECIFY (99) FAILURE TO PROPER DOCUMENT |

**CONFIDENTIAL DOCUMENT – FOR AUTHORIZED USE ONLY**

National Practitioner Data Bank
Healthcare Integrity and Protection Data Bank
P.O. Box 10832
Chantilly, VA 20153-0832

www.npdb-hipdb.com

| DCN: 5500000027280073 |
| Process Date: 09/27/2002 |
| Page: 3   of 3 |

☐ Subject identified in Section B has appealed the reported adverse action.

Date of Appeal:

**D. SUBJECT STATEMENT:**

If the subject identified in Section B of this report has submitted a statement, the unedited statement appears in this section.

Date Submitted:  11/04/2002

THE ALLEGATIONS FORMING THE BASIS OF THE STATE LICENSURE ACTION ARE UNTRUE. I NEVER RECEIVED NOTICE OF THE HEARING AT WHICH THE ACTION WAS TAKEN. MY CONSTITUTIONAL RIGHTS TO DUE PROCESS HAVE BEEN VIOLATED. I HAVE NOT BEEN GIVEN THE OPPORTUNITY TO PRESENT EVIDENCE AT ANY TIME. I HAVE HIRED AN ATTORNEY TO CONTEST THIS ACTION.

**E. REPORT STATUS**

An "X" indicates that the information in this report has been:

☐ Disputed by the Subject identified in Section B.

☐ Elevated for decision by the Secretary of the U.S. Department of Health and Human Services — Pending.

☐ Reviewed by the Secretary of the U.S. Department of Health and Human Services, who has made the following comment concerning the report:

Date of Original Submission:  09/27/2002
Date of Most Recent Change:  09/27/2002

**END OF REPORT**

**CONFIDENTIAL DOCUMENT – FOR AUTHORIZED USE ONLY**

# *Exhibit L*

2129 – Served
2229 – Not Served
2329 – Served by Mail  (This form replaces CCCH 0060)

(Rev. 1/9/01) CCG 0600

## IN THE NAME OF THE PEOPLE OF THE STATE OF ILLINOIS
### COUNTY DEPARTMENT/Chancery DIVISION

Janet R. Snow

v.

Department of Professional Regulation of the State
of Illinois, Board of Nursing of the State of
Illinois, Aurelia Pucinski, Director of Professional
Regulation of the State of Illinois

No. ___ 02CH19186

## SUMMONS IN ADMINISTRATIVE REVIEW

**To each defendant:**

YOU ARE SUMMONED and required to file an answer in this case or otherwise file your appearance in the office of the Clerk of this Court located ☒ **Chancery Division, Room 802** ☐ **County Division, Room 1202, Richard J. Daley Center, 50 W. Washington Street, Chicago, Illinois 60602, within 35 days after the date of this summons.**

This summons is served upon you by registered or certified mail pursuant to the provisions of **735 ILCS 5/3-101, et seq.**

Atty. No.: 37546

Name: Paul F. O'Keefe

Atty. for: Janet R. Snow

Address: 20 N. Clark St., Suite 2250

City/State/Zip: Chicago, IL 60602

Telephone: (312) 263-9200

WITNESS: OCT 23 2002

**Clerk of Court**

## CERTIFICATE OF MAILING

On _October 23_, _2002_, I sent by registered mail a copy of this summons to each defendant addressed as follows:

| Defendant | Address |
|---|---|
| Department of Professional Regulation of the State of Illinois | 320 W. Washington St., 3rd Floor, Springfield, IL 62786 |
| Board of Nursing of the State of Illinois | James R. Thompson Center 100 W. Randolph St., Suite 9-300, Chicago, Il 60601 |
| Aurelia Pucinski, Director of Professional Regulation of the State of Illinois | James R. Thompson Center 100 W. Randolph St., Suite 9-300, Chicago, Il 60601 |

Dated: October 23 2002, _2002_

**Clerk of Court**

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

JANET R. SNOW,                              )
                                            )
                    Plaintiff,              )
                                            )
         v.                                 )
                                            )
                                            )    Gen. No. _____
DEPARTMENT OF PROFESSIONAL                  )
REGULATION of the State of Illinois,        )
BOARD OF NURSING of the State of            )    02CH19186
Illinois, AURELIA PUCINSKI, Director        )
of Professional Regulation of the State     )
of Illinois                                 )
                                            )
                    Defendants              )

**FILED-3**

**02 OCT 23 PM 2:36**

CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
CHANCERY DIV.

CLERK

### <u>COMPLAINT FOR ADMINISTRATIVE REVIEW</u>

Now comes Plaintiff, JANET R. SNOW, by and through her counsel Paul F. O'Keefe,

P.C., complaining of Defendants DEPARTMENT OF PROFESSIONAL REGULATION of the

State of Illinois ("Department"), BOARD OF NURSING of the State of Illinois ("Board"), and

AURELIA PUCINSKI, Director of Professional Regulation of the State of Illinois ("Director"),

and alleging that:

1. This is a Complaint for Administrative Review of a decision of the Department

   brought pursuant to the Administrative Review Law of the State of Illinois, 735

   ILCS 5/3-101, *et. seq.*

2. On September 19, 2002 the Department rendered a decision in a proceeding before it

   in a case known by its Department Docket No. 2000-04494-1. A copy of this

   decision is attached as Exhibit A ("Decision"). The Decision indefinitely suspends

   for a minimum of three (3) years Plaintiff's license to practice nursing in the State

   of Illinois and ordered her to surrender all indicia of licensure.

3. A copy of the Department's Decision was mailed to Plaintiff on or about September

1

19, 2002, within 35 days of filing of this Complaint For Administrative Review.

4. This Court has jurisdiction of the action pursuant to Section 3-104 of the
   Administrative Review Law, 735 ILC 5/3-104, and Section 20-140 of the Nursing
   and Advanced Practice Nursing Act, 225 ILCS 65/20-140.

5. Pursuant to Section 3-104 of the Administrative Review Law, 735 ILCS 5/3-104,
   venue is found in Cook County, Illinois, for the reason that a part of the hearing or
   proceeding culminating in the Decision of the Department was held in Cook County.

6. The Board and Director were parties of record to the Administrative proceedings and
   are joined as necessary parties pursuant to Section 3-107 of the Administrative
   Review Law, 735 ILCS 5/3-107.

7. Judicial review of the Department's Decision is sought because the Decision is
   erroneous and not in accordance with the facts and the law for reasons including,
   but not limited to one or more of, the following reasons:

   A. Service of any notices to Plaintiff of a hearing failed to comply with 225 ILCS
      65/20-80, 225 ILCS 65/20-160, 20 ILCS 2105/2105-100, 68 Ill. Adm. Code
      1110.20, 5 ILCS 100/10-25, and/or other Illinois Statutes or regulations.

   B. The content of any notices to Plaintiff of a hearing failed to comply with 225
      ILCS 65/20-80, 5 ILCS 100/10-25, 20 ILCS 2105/2105-100, and 68 Ill. Adm.
      Code 1110.20 and 1110.70, and/or other Illinois Statutes or regulations.

   C. The Department's Decision violates Plaintiff's due process rights under the
      United States Constitution and Constitution of the State of Illinois based on
      Plaintiff not receiving adequate notice of the administrative hearing and
      proceeding.

2

D. The Department's Decision violates Plaintiff's due process rights under the United States Constitution and Constitution of the State of Illinois based on Defendants failing to give Plaintiff adequate notice of the administrative hearing and proceeding.

E. The Department has acted outside the scope of its authority as established by the statutes of the State of Illinois in not granting Plaintiff's motion for re-hearing and issuing its Decision.

F. The Department did not have personal jurisdiction over Plaintiff to render its Decision.

G. The evidence does not support the Department's Decision.

H. The Plaintiff was denied due process of law under the Constitution of the United States and the State of Illinois.

I. The Director and/or Department violated 225 ILCS 65/20-115, 20 ILCS 2105/2105-175, and/or 68 Ill. Adm. Code 1110.240 by failing to grant Plaintiff's motion for re-hearing.

J. The Director and/or Department failed to consider documents and other information and evidence submitted by Plaintiff in support of her motion for re-hearing.

K. The Director and/or Department violated Plaintiff's rights to due process under the Constitution of the United States and State of Illinois by denying Plaintiff's motion for re-hearing.

L. The Department improperly considered irrelevant and immaterial evidence.

M. The Department failed to follow its own procedures.

3

N.   The Department's decision is otherwise contrary to law and fact.

8.   Plaintiff specifies that the entire transcript of evidence shall be filed by the Department as part of the record herein.

9.   Pursuant to 225 ILCS 65/20-145, attached hereto as Exhibit B is a receipt from the Department acknowledging payment of the costs of furnishing and certifying the record.

WHEREFORE, the Plaintiff, JANET R. SNOW, prays that this Honorable Court 1) review and reverse in whole the decision of the DEPARTMENT OF PROFESSIONAL REGULATION of the State of Illinois suspending her license to carry on the Practice of Nursing in the State of Illinois indefinitely for a minimum of three (3) years and ordering her to surrender all indicia of licensure; 2) remand the case to the DEPARTMENT OF PROFESSIONAL REGULATION of the State of Illinois to file a written answer with and for a proper hearing on the charges before the BOARD OF NURSING of the State of Illinois pursuant 225 ILCS 65/20-80; and, 3) that Plaintiff be allowed to submit evidence and other wise fully participate in the administrative proceeding.

JANET R. SNOW

By: _____

Paul F. O'Keefe, P.C

4

## AFFIDAVIT OF LAST KNOWN ADDRESSES

I, PAUL F. O'KEEFE, being first duly sworn, do state and depose that, to the best of my knowledge, the following are the last known addresses of the defendants in this matter:

DEPARTMENT OF PROFESSIONAL REGULATION of the State of Illinois
320 W Washington St., 3rd Floor
Springfield, IL 62786

BOARD OF NURSING of the State of Illinois
James R. Thompson Center
100 W. Randolph St., Suite 9-300
Chicago, IL 60601

AURELIA PUCINSKI, Director of Professional Regulation of the State of Illinois
James R. Thompson Center
100 W. Randolph St., Suite 9-300
Chicago, IL 60601

Paul F. O'Keefe

Subscribed and sworn before me
This 23 day of October, 2002.

_Adriana Rodriguez_
NOTARY PUBLIC

OFFICIAL SEAL
ADRIANA RODRIGUEZ
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 5-18-2006

Paul F. O'Keefe
Attorney No. 37546
Paul F. O'Keefe, P.C.
20 N. Clark St., Suite 2550
Chicago, IL 60602
(312) 263-9200

5

STATE OF ILLINOIS

DEPARTMENT OF PROFESSIONAL REGULATION

DEPARTMENT OF PROFESSIONAL REGULATION )
of the State of Illinois,  Complainant )
              v. ) No. 2000-04494-1
Janet Snow, )
License No. 041-241076,  Respondent )

<u>ORDER</u>

    This matter having come before the Board of Nursing of the State of Illinois, and the Board, having made certain Findings of Fact, Conclusions of Law and a Recommendation to the Director of the Department; and the Department having complied with all required notices;  and the Respondent having filed a motion for rehearing;  the Department having filed a Response;  and the Respondent filing a Reply;

    NOW, THEREFORE, I, AURELIA PUCINSKI, DIRECTOR OF THE DEPARTMENT OF PROFESSIONAL REGULATION of the State of Illinois, do hereby adopt the Findings of Fact, Conclusions of Law and Recommendation of the Board of Nursing in this matter.

    IT IS THEREFORE ORDERED that the Certificate of Registration, License No. 041-241076, heretofore issued to Janet Snow, to carry on the practice of Nursing in the State of Illinois is indefinitely suspended for a minimum of three (3) years. Upon filing a Petition for Restoration, Respondent must provide proof of evaluation of a certified addictionologist and must comply with the recommendations of the assessment. If Respondent remains out of practice for five (5) years, she must present evidence of successful completion of a Current Nursing Practice Update Course

Page 1 of 2


EXHIBIT
A

within one(1) year of application for restoration. Additionally, prior to restoration, the Respondent must present evidence of successful completion of an Ethics and Pharmacology Course approved by the Nursing Act Coordinator.

IT IS FURTHER ORDERED that Janet Snow immediately surrender said Certificate of Registration and all other indicia of licensure to the Department of Professional Regulation of the State of Illinois. Upon failure to do so, the Department shall seize said Certificate of Registration.

DATED THIS ___19th___ DAY OF ___September___, 2002.

DEPARTMENT OF PROFESSIONAL REGULATION
of the State of Illinois

___Aurelia Pucinski___
AURELIA PUCINSKI
DIRECTOR

MED:nk

Case No. 2000-04494-1
License No. 041-241076

Page 2 of 2

STATE OF ILLINOIS

DEPARTMENT OF PROFESSIONAL REGULATION

DEPARTMENT OF PROFESSIONAL REGULATION )
of the State of Illinois,      Complainant )
                 v.                         ) No. 2000-04494-1
JANET SNOW,                                 )
License No. 41-241076,         Respondent   )

FINDINGS OF FACT, CONCLUSIONS OF LAW
AND RECOMMENDATION TO THE DIRECTOR

Now comes the Illinois Board of Nursing of the Department
of Professional Regulation of the State of Illinois and, after
reviewing the record in this matter, a majority of its members
hereby makes the following Findings of Fact, Conclusions of Law
and Recommendation to the Director:

FINDINGS OF FACT

1. THAT Janet Snow, Respondent, is registered as a
   Registered Professional Nurse in the State of Illinois,
   holding a Certificate of Registration, License No. 41-
   241076, issued by the Department of Professional
   Regulation of the State of Illinois. Said license is
   in active status.

2. THAT the Department filed a Complaint against the
   Respondent and sent notice of said Complaint to the
   Respondent by certified and regular mail on January 2,

2001 to Respondent's last known address in accordance with the Department's records.

3. Said Complaint alleged that Respondent, between March and June 2000, was employed as a registered nurse at Spring Valley Nursing Home in Spring Valley, Illinois.

4. Said Complaint further alleged that during Respondent's employment at Spring Valley Nursing Home, on April 25, 2000, Respondent failed to give medications to 10 residents according to physician's orders.

5. Said Complaint further alleged that, on April 25, 2000, Respondent failed to properly document on medication records whether or not the medications were administered.

6. Said Complaint further alleged that, on June 20, 2000, Respondent failed to give medication to at least 7 residents per physician's orders.

7. Said Complaint further alleged that, on June 20, 2000, Respondent documented on the medication records that she did not give medications to 5 residents as ordered by the physician.

8. THAT Respondent failed to appear, either in person or by counsel for a preliminary hearing on March 12, 2001 or for status on May 7, 2001.

9. THAT Administrative Law Judge Shari Dam ordered that

Respondent file an Answer to the Department's Complaint on or before April 13, 2001.

10. THAT that time has now passed and no Answer has been filed by or on behalf of the Respondent.

11. THAT on May 7, 2001, Administrative Law Judge Shari Dam transferred this matter to the Illinois Board of Nursing for its deliberations based on the pleadings.

## CONCLUSIONS OF LAW

1. THAT the Illinois Board of Nursing of the Department of Professional Regulation of the State of Illinois has jurisdiction over the subject matter and the parties in this case.

2. THAT Respondent's diversion of narcotics from his employer for self-use constitutes a violation of 225 Illinois Compiled Statutes 65/10-45(b)(7) and Rules Section 1300.65 (a)(1).

## RECOMMENDATION

The Illinois Board of Nursing of the Department of Professional Regulation of the State of Illinois, after making the above Findings of Fact and Conclusions of Law, recommends to Leonard A. Sherman, the Director of the Department of Professional Regulation, that Janet Snow's license to practice as a Registered Professional Nurse, License No. 41-241076, be indefinitely suspended for a minimum of three years. Upon filing a petition for

restoration respondent must provide proof of an evaluation by an addictionologist, and meet the recommendations of the assessment. If Respondent remains out of practice for five (5) years, she must present evidence of successful completion of a Current Nursing Practice Update Course within one (1) year of application for restoration. Additionally, prior to restoration, Respondent must present evidence of successful completion of both an Ethics and Pharmacology Course approved by the Nursing Act Coordinator.

DATED THIS __3rd__ DAY OF _____May_____, 20_02_.

_____
MEMBER

_____
MEMBER

_____
MEMBER

_____
MEMBER

_____
MEMBER

_____
MEMBER

_____
MEMBER

Page 4 of 4



**EXHIBIT B**

FORM 46818

**RECEIPT**

DATE October 18, 2002    NO. 6986

RECEIVED FROM Paul O'Keefe

ADDRESS 220 N. Clark St. #2350 Chgo, IL 60602    DOLLARS $ 20.00

Twenty dollars + 00/100

FOR Administrative Review: Deposit

| ACCOUNT | | | HOW PAID | | |
|---|---|---|---|---|---|
| | | | CASH | CHECK | MONEY ORDER |
| AMT. OF ACCOUNT | 20 | — | | | |
| AMT. PAID | 20 | — | | 20 | — |
| BALANCE DUE | — | | | | |

#00-4424 #41-24606

Ck# 973 Janet Smith

BY MBiddle

# Exhibit M

FAX NO.                                           P. 03

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

JANET R. SNOW,                              )
                              Plaintiff      )
                                             )      Cause no. 02-CH-19186
                 v.                          )
                                             )      **Honorable JULIA M. NOWICKI**
DEPARTMENT OF PROFESSIONAL                   )      ROOM 2510
REGULATION OF THE STATE OF,                  )
ILLINOIS                                     )
                                             )
                              Defendant,     )

### NOTICE OF FILING

TO:   **Paul F. O'Keefe**
      20 N. Clark St., Suite 2250
      Chicago, Il 60602
      (312) 263-9200

      PLEASE TAKE NOTICE that on the 25th **day of NOVEMBER, 2002**, the Defendant:

**DEPARTMENT OF PROFESSIONAL REGULATION OF THE STATE OF ILLINOIS.**

filed the attached **ANSWER** in the above-captioned matter with the Clerk of the Circuit Court in

the Richard J. Daley Center, Chicago, Illinois.

                                   Respectfully Submitted,

JAMES E. RYAN
Attorney General of Illinois           BY:
Atty. No. 99000
                                       TERRY MILLER
                                       Assistant Attorney General
                                       General Law Bureau
                                       100 W. Randolph Street, Room 13-262
                                       Chicago, Illinois 60601
                                       (312) 814-3735

### CERTIFICATE OF SERVICE

      The undersigned, an attorney, certifies that a copy of the foregoing **ANSWER** in the U.S.
Mail at 100 W. Randolph St., Chicago, Illinois, with the proper postage prepaid thereon, on the
**NOVEMBER 25, 2002**, at or before the hour of 5:00 p.m. to the party listed above:

DEC-11-02 TUE 10:01 AM          FAX NO.          P. 04

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

JANET R. SNOW,                            )
              Plaintiff       )
                        )      Cause no. 02-CH-19186
    v.                     )
                        )      **Honorable JULIA M. NOWICKI**
DEPARTMENT OF PROFESSIONAL       )      ROOM 2510
REGULATION OF THE STATE OF,      )
ILLINOIS                         )
                        )
           Defendant.     )

### DEFENDANTS' MOTION TO DISMISS

Defendants, Aurelia Pucinski, Director of the Illinois Department of Professional

Regulation, the ILLINOIS DEPARTMENT OF PROFESSIONAL REGULATION, and the Board

of Nursing of the State of Illinois, by and through their attorney, JAMES E. RYAN, Attorney

General of Illinois, hereby submit this motion to dismiss the Board of Nursing from Plaintiff's

Complaint in Administrative Review ("Complaint"), on the grounds that the claims asserted

against defendants is barred by other affirmative matter avoiding the legal effect of or defeating

the claims. In support of this motion, Defendants state the following:

1.      On January 2, 2001, the Department filed a complaint against Plaintiff's nursing

        license, said complaint alleged that Plaintiff was employed as a registered nurse at

        Spring Valley Nursing Home in Spring Valley, Illinois.(Department of

        Professional Regulation , Findings of Fact, Conclusions of Law and

        Recommendation to the Director, ¶¶ 3)

2.      Said Complaint further alleged that during Plaintiff's employment at Spring Valley

        Nursing Home, on April 25, 2000, Plaintiff failed to give medications to 10

        residents according to physician's orders. (Department of Professional Regulation ,

Findings of Fact, Conclusions of Law and Recommendation to the Director,, ¶¶ 4-7)

3.     Said Complaint additionally alleged that, on April 25, 2000, Plaintiff failed to properly document on medication records whether or not the medications were administered. (Department of Professional Regulation , Findings of Fact, Conclusions of Law and Recommendation to the Director,, ¶¶ 4-7)

4.     Said Complaint further alleged that, on June 20, 2000, Plaintiff failed to give medication to at least 7 residents per physician's orders. (Department of Professional Regulation , Findings of Fact, Conclusions of Law and Recommendation to the Director,, ¶¶ 4-7)

5.     Finally, said complaint alleged that, on June 20, 2000, Plaintiff documented on the medication records that she did not give medications to 5 residents as ordered by the physician. (Department of Professional Regulation , Findings of Fact, Conclusions of Law and Recommendation to the Director,, ¶¶ 4-7)

6.     Plaintiff failed to appear, either in person or by counsel for a preliminary hearing on March 12, 2001, or for status on May 7, 2001. (Department of Professional Regulation , Findings of Fact, Conclusions of Law and Recommendation to the Director,, ¶¶ 8)

7.     Following Plaintiff's failure to appear at the preliminary hearing or answer the Department's complaint, the Department of Professional Regulation made its "Findings of Fact, Conclusions of Law and Recommendation to the Director" on May 3, 2002 and sent a 20-Day Notice of the same to Plaintiff, indicating that she

had 20 days to present a motion for a rehearing to the Department. (<u>Department of Professional Regulation, Findings of Fact, Conclusions of Law and Recommendation to the Director,</u>, ¶¶ 26-27, 30, Appendix 5).

8.    On October 23, 2002, Plaintiff filed her Complaint in Administrative Review

9.    Plaintiff alleges that she did not receive notice of the Department's disciplinary action against him. (<u>Complaint</u>, ¶¶ 7(c)(d).

10.   Defendants move to dismiss the Board of Nursing from Plaintiff's Complaint, pursuant to 735 ILCS 5/2-619(a)(9), because the Board is not a necessary party to this action under Section 3-107(a) of the Administrative Review Law (735 ILCS 5/3-107(a)).

WHEREFORE, for the foregoing reasons, and for the reasons set forth in the accompanying memorandum of law in support of said motion Defendants request that this Honorable Court dismiss with prejudice the Board of Nursing from Plaintiff's Complaint.

Respectfully submitted,

JAMES E. RYAN,
Attorney General of Illinois
Attorney No.: 99000

TERRY MILLER
Assistant Attorney General
General Law Bureau
100 West Randolph Street, 13th Flr.
Chicago, Illinois 60601
(312) 814-3735

3

# *Exhibit N*

JAN-03-03 FRI C    AM                        FAX                           P. 01



**JIM RYAN**
**ATTORNEY GENERAL**
**STATE OF ILLINOIS**

## FAX TRANSMITTAL SHEET
### GENERAL LAW BUREAU - CHICAGO
### FAX: 312/814-4425

DATE:    1/03/03

TO:   TO:   PAUL F. O'KEEFE, P.C.
FAX PHONE:     1.312.263-6245

RE:   JANET SNOW V. IDPR

FROM:    **Terry Miller**
        **Assistant Attorney General**
        312/814-3735

Total number of pages (including cover sheet):

Comments:
HERE IS A COPY OF THAT SAMPLE AGREED UPON MOTION

Terry Miller







IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

JANET R. SNOW,                        )
                Plaintiff             )
                                      )        CAUSE NO. 02-CH-19186
        V.                            )        HONORABLE
                                      )        JULIA M. NOWICKI
DEPARTMENT OF PROFESSIONAL            )        ROOM 2510
REGULATION OF THE STATE OF,           )
ILLINOIS, BOARD OF NURSING of the     )
State of Illinois, AURELIA PUCINSKI,  )
Director of Professional Regulation of the )
State of Illinois                     )

<u>AGREED ORDER TO REMAND FOR DE NOVO HEARING</u>

NOW COMES jointly the Plaintiff, JANET SNOW, by and through her attorney,

Paul O'Keefe and the Defendants, Illinois Department of Professional Regulations by

and through their attorney, JAMES E. RYAN, Attorney General of Illinois, by Assistant

Attorney General Terry Miller. Whereas the court has been advised in the premises,

and whereas the court has jurisdiction over the persons and the subject matter. Where

as all parties agree.

IT IS HEREBY ORDER;

1.      The administrative review action before the Department known as No.

        2000-04494 is remanded for a *de novo* hearing by the Board on the

        charges descried in the Complaint filed with the Department on December

        29, 2000, a copy of which is attached hereto as Exhibit 1.

2.      The Department's September 19, 2002 order remains in effect pending a

        final administrative decision on the charges after the *de novo* hearing.

3.      The Department or Board shall hold a preliminary hearing in No. 2000-

        04494 within 28 days hereof.

4.    The Plaintiff may file an answer to the charges on or before the
      preliminary hearing.

5.    The Department shall convene the *de novo* hearing before the Board
      within 30 days of the preliminary hearing, except for delay that is
      attributable to the Plaintiff. The *de novo* hearing shall be completed and
      the Department shall reach a final administrative decision on the charges
      described in the Complaint both without appreciable delay.

6.    This order shall not preclude the use of a hearing officer by the
      Department or Board as otherwise authorized by law.

(7.)  Plaintiff agrees to release and forever discharge Defendant, its agents,
      officials, employees and successors from any and all state claims, federal
      claims, causes of action, costs, fees, attorneys fees or expenses, which
      arose or could have arisen out of or as a consequence of the allegations
      contained in the administrative review action before the Department
      known as No. 2000-04494 originating complaint, or any other intervening
      or related actions, whether known or unknown, from the beginning of time
      until the effective date of this Settlement Agreement, including but not
      limited to, actions in law or equity.

      Nothing in this Settlement Agreement shall be construed to limit any of the
      investigative or enforcement duties of the State of Illinois, or its agencies
      or officials including the IDPR to enforce the Nursing and Advanced
      Practice Nursing Act, any federal or state statute, regulation, rules or any
      other law (civil, criminal or otherwise) with respect to the Plaintiff. Nothing
      in this Agreement shall be construed to waive the sovereign immunity of

the State of Illinois.

9.      No promise has been made to pay or to give the Plaintiff or the Defendant

any greater or further consideration other than as stated in this

Agreement.  All agreements, covenants, representations and warranties,

express or implied, oral or written, of the parties hereto concerning the

subject matter of this Agreement are contained in this Agreement.

10.     Plaintiff enters into this Settlement Agreement as a free and voluntary act

with full knowledge of its legal consequences.

11.      The signatories to this Settlement Agreement declare that they have the

authority to bind the Parties on behalf of whom they sign, that they have

read this Settlement Agreement and that they understand it and agree to

be bound by its terms.

**SIGNATORIES:**

IN WITNESS WHEREOF, the parties have set their hand and seal to this

instrument on the day and year indicated below.

AGREED:

_____        Date:_____
Plaintiff
JANET R. SNOW


_____        _____
Paul F. O'Keefe                  Terry Miller
Counsel for Plaintiff            Assistant Attorney General
20 N. Clark St., Suite 2550      Attorney for Defendants
Chicago, IL 60602                100 West Randolph Street, 13th Floor
312. 263.9200                    Chicago, Illinois 60601
                                 (312) 814-3735


Date:_____        Date:_____

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

FILED-4

JANET R. SNOW,                          )
                                        )        2004 MAR 30  PM 1:52
              Plaintiff                  )
                                        )        CASE No. 02 CH 19186
vs.                                     )
                                        )        Judge Julia M. Nowicki        CLERK
DEPARTMENT OF PROFESSIONAL              )        Room 2510
REGULATION of the State of Illinois,    )
BOARD OF NURSING of the State of        )
Illinois and FERNANDO E. GRILLO,        )
Director of Department of Professional  )
Regulation of the State of Illinois     )
                                        )
              Defendants.                )
                                        )
_____ )

## NOTICE OF MOTION

Please take notice that on April, ___8___ , 2004 at 9:15 a.m. we will appear
before the Honorable Julia M. Nowicki in Room 2510 of the Richard J. Daley Center, 50
W. Washington Street, Chicago, Illinois, and present Plaintiff's Motion to Remand to the
Department of Professional Regulation and to Order New Hearing, a true and correct copy
of which is served herewith upon you.

Dated:  March 30, 2004

                              By: _James A Cherney_____
                                  One of the Attorneys for Plaintiff
                                  Janet R. Snow

James A. Cherney
Veronica A. Silva-Minin
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, Illinois 60606
(312) 876-7700
Firm No. 39770

CH\676415.1

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

FILED - 4

2004 MAR 30  PM 1: 52

CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
CHANCERY DIV.

DOROTHY BROWN ___CLERK

| | | |
|---|---|---|
| JANET R. SNOW, | ) | |
| | ) | |
| Plaintiff | ) | CASE No. 02 CH 19186 |
| | ) | |
| vs. | ) | Judge Julia M. Nowicki |
| | ) | Room 2510 |
| DEPARTMENT OF PROFESSIONAL | ) | |
| REGULATION of the State of Illinois, | ) | |
| BOARD OF NURSING of the State of | ) | |
| Illinois and FERNANDO E. GRILLO, | ) | |
| Director of Department of Professional | ) | |
| Regulation of the State of Illinois | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO REMAND TO THE DEPARTMENT OF PROFESSIONAL REGULATION AND TO ORDER NEW HEARING

Plaintiff Janet R. Snow hereby moves the Court for (i) an order remanding this matter to the Department of Professional Regulation of the State of Illinois ("Department") with instruction to hold a hearing within 30 days on the Department's Administrative Complaint. Such a hearing will provide plaintiff her first opportunity to defend the claim against her, since the earlier relief was entered against plaintiff by the Department with no notice to her and no opportunity to defend against the charges. In support of this motion, Plaintiff states as follows:

1. This Court has jurisdiction pursuant to Section 3-104 of the Administrative Review Law, 735 ILCS 5/3-104, and Section 20-140 of the Nursing and Advanced Practice Nursing Act, 225 ILCS 65/20-140. This matter is before the Court on administrative review of an order entered by the Department on September 19, 2002.

CH\664729.7

2. The Administrative Proceedings before the Department known as Department Docket No. 2000-04494, were initiated in December of 2000. In short, the administrative complaint charges Ms. Snow with (i) failing to administer medication to several residents of the nursing home where she was employed according to physician's orders; (ii) failing to properly document medication records as to whether medications were administered; and (iii) documenting in the medication records that she did not give medication to several residents when according to physician's orders she was supposed to administer such medication to those residents. The Department's Notice of Preliminary Hearing accompanied by a copy of the Complaint against Plaintiff, filed by the Department's Chief of Health Related Prosecutions, Mr. Brian K. Farley, was addressed to "Janet Snow, R.R. #1, Hanna City, IL 61536-9801" and it was returned to the Department marked as "insufficient address". See Exhibit A (i) Department's envelope postmarked January 2, 2001.

3. Janet Snow was never domiciled at R.R. #1, Hanna City, IL 61536-9801, nor has she ever made such representation to the Department. Moreover, as further detailed in paragraph 9 below, Ms. Snow kept the Department informed at all times of her current domicile. Since Ms. Snow received Registered Professional Licenses that the Department issued to her on April of 2000 and on April of 2002 at her correct address, the Department clearly had her correct address. During the pendency of the Administrative Proceedings between December 2000 and June 2002, several further notices were sent to Plaintiff all addressed to "Janet Snow, R.R. #1, Hanna City, IL 61536-9801" and returned by the post office marked "Insufficient Address". For example:

2

(a)     Department's Order to be Answer or be Held in Default, dated

March 12, 2001, and mailed on March 15, 2001.  See Exhibit A (ii)

Department's envelope postmarked March 15, 2001;

(b)     The Department's Order of Default for Failure to Appear or

Answer and to Transfer the Matter to the Board on the Pleadings,

dated May 7, 2001, addressed to "Janet Snow, R.R. #1, Hanna

City, IL 61536-9801".  There is no Sworn Affidavit in the

Department's file stating the date of mailing of this Order.

4.  On March 5, 2002, a 20-day Notice, dated March 3, 2002, informing of the Findings

of Fact, Conclusions of Law and Recommendation to the Director made by the Board

of Nursing of the Department of Professional Regulation, was sent to Ms. Snow, also

addressed to "Janet Snow, R.R. #1, Hanna City, IL 61536-9801" and therefore, also

returned by the post office marked "Insufficient Address".  See Exhibit A(iii).  Those

Findings of Fact, Conclusions of Law and Recommendations, were all adopted by the

Department without any notice to Ms. Snow and obviously no opportunity for her to

respond to the charges.  Furthermore, the Board of Nursing improperly included

paragraph 2 of the Conclusions section of the Findings of Fact, Conclusions of Law

and Recommendation to the Director a reference to Ms. Snow diverting narcotics

from her employer for self-use -- there was no such charge in the Department's

Administrative Complaint.

5.  Title 20, Section 80 of the Illinois Nursing Act of 1987 as amended ("Nursing Act"),

states that "...before suspending, revoking, placing on probationary status, or taking

any other disciplinary actions as the Department may deem proper, the accused shall be notified in writing of any charges made and the time and place for a hearing of the charges before the Board…". See 225 ILCS 65/20-80. The Department failed to comply with this requirement. Furthermore, the Nursing Act mandates that "….Such written notice may be served by personal delivery, or certified or registered mail to the respondent at the address of her or his last notification to the Department…." See 225 ILCS 65/20-80. None of the notices were served by personal delivery or sent to the last known address which Ms. Snow had provided to the Department.

6. These notices also failed to comply with the Nursing Act and violated the Illinois Administrative Procedure Act ("Adm. Proc. Act"), incorporated in the Nursing Act by 225 ILCS 65/20-160. Section 10-25 (a) of the Adm. Proc. Act mandates that "In a contested case, all parties shall be afforded an opportunity for a hearing after reasonable notice. The notice shall be served personally or by certified or registered mail or as otherwise provided by law upon the parties or their agents appointed to receive service of process…". See 5 ILCS 100/10-25. Moreover, subsection (b) of Section 10-25 states that "An opportunity shall be afforded all parties to be represented by legal counsel and to respond and present evidence and argument." See 5 ILCS 100/10-25.

7. Ms. Snow had no opportunity to be heard or to respond or to defend against the charges filed by the Department against her. She did not participate in the mentioned Administrative Proceedings because she did not have knowledge of its existence until June 15, 2002, over sixteen months after the commencement of the Administrative Proceedings. On that date, Plaintiff received a 20-day Notice, dated June 12, 2002,

4

informing her of the Department's Findings of Fact, Conclusions of Law and Recommendations to the Director. This was the first notice that Ms. Snow received of the Administrative Proceedings because it was the first time that the Department addressed its correspondence to "Janet Snow, 509 South 1st Street, Princeton, IL 61356", which was Ms. Snow's domicile from December 8, 2000 until October 12, 2002. See Exhibit B, Janet Snow's affidavit.

8. In sum, all notices sent by the Department and served during the Administrative Proceedings prior to June 12, 2002, were improperly addressed to " Janet Snow, R.R. #1, Hanna City, IL 61536-9801", and therefore did not appraise Plaintiff of the Complaint filed against her and the pending proceedings. See Exhibit A (i), (ii) and (iii), copies of pieces of mail sent by the Department and postmarked January 2, 2001; March 15, 2001; May 22, 2001; and March 5, 2002; showing the postal office's stamp directing them to be returned to sender, due to "insufficient address."

9. As indicated in Ms. Snow's affidavit attached as Exhibit B, during the period of the Administrative Proceedings, starting in December of 2000 and until June 2002, Plaintiff's last known address in the Department's records was at first, 2810 Second St., Apt. 9, Peru, IL 61354, as evidenced by a copy of Plaintiff's Registered Professional Nurse License issued by the Department in April of 2000 and valid through May 21, 2002. See Exhibit C. Later, Plaintiff's last known address in the Department's records was, or should have been, 509 South First St., Princeton, IL 61356, as evidenced by a copy of Plaintiff's Registered Professional Nurse License issued by the Department in April of 2002 and valid through May 31, 2004. See Exhibit D.

5

CH\664729.7

10. The Department's 20-day Notice, dated June 12, 2002, which was addressed to "Janet Snow, 509 South 1st Street, Princeton, IL 61356", was the second 20-day Notice issued by the Department. This second notice was preceded by a 20-day Notice, dated March 3, 2002, which was returned to sender by the postal office marked as undeliverable due to "Insufficient Address." Obviously between March and June, 2002, the Department discovered it's error.

11. But, rather than correct its error and the obvious due process violation, on September 19, 2002, the Department instead suspended Plaintiff's license to practice nursing for a minimum of three (3) years. Ms. Snow has been unable to practice her profession for over a year and a half as a result of a sham proceeding for which she had no notice and no opportunity to defend against the claims asserted.

12. The Court in In Re Forfeiture of $2,354.00 United States Currency, 760 N.E. 2d. 565 (2001), held that due process requires that notices must apprise interested parties of the proceeding pending and provide them with an opportunity to be heard and present defenses. In Forfeiture, as well as in this case, there were notices sent, which were returned by the post office. The Court said in Forfeiture that the return of an undelivered letter puts the State on notice that further inquiry must be made. Furthermore, the Court said "...due process does require the State—within reason—to 'try to follow people around and try to figure out where they are'." In Re Forfeiture of $2,354.00 United States Currency, 760 N.E. 2d. 565, 571. Certainly, that includes checking the Department's own records regarding the address to which plaintiff's license was sent by the Department.

6

WHEREFORE, Plaintiff Janet R. Snow respectfully requests that the Court remand this case to the Department of Professional Regulation of the State of Illinois with instructions to hold a hearing within 30 days on the charges asserted against Ms. Snow.

Dated: March 30, 2004

By: _James A Cherney_

One of the Attorneys for Plaintiff
Janet R. Snow

James A. Cherney
Veronica A. Silva-Minin
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, Illinois 60606
(312) 876-7700
Firm No. 39770

7

# EXHIBIT A (i)

Illinois Department of
Professional Regulation

James R. Thompson Center
100 West Randolph — Suite 9-300
Chicago, Illinois 60601



Illinois Department of
Professional Regulation

James R. Thompson Center
100 West Randolph—Suite 9-300
Chicago, Illinois 60601

Mary E. Doherty
2000014741UPH

1/14

RETURN TO SENDER
Person Ordered
Address unknown ____
Insufficient Address ____ X
No such street ____ number ____
No such office in state ____
Do not remail in this envelope ____

RETURN TO SENDER
Unclaimed ____
Addressee unknown ____ X
Insufficient Address ____
No such street ____ number ____
No such office in state ____
Do not remail in this envelope ____

Janet Snow
R.R. 1
Hanna City, IL 61536-9801

Janet Snow
R.R. 1
Hanna City, IL 61536-9801

UNITED STATES POSTAL SERVICE

CERTIFIED MAIL

7160 6690 0003 6104

$2.98

00077

# EXHIBIT A (ii)

. Doherty/200004494 Order

# Department of
## ssional Regulation

pson Center
olph—Suite 9-300
s 60601

CHICAGO
MAR 15'01
IL

PB METER
7103072
U.S. POSTAGE
Ξ 0.34 Ξ



RETURNED
TO
SENDER

PERSON CHECKED

JANET SNOW
R.R. 1
Hanna City, Illinois 61536



61536

00076

# EXHIBIT A (iii)



Mary E. Doherty/2000-04494-1/200

# Illinois Department of
# Professional Regulation

James R. Thompson Center
100 West Randolph—Suite 9-300
Chicago, Illinois 60601



☐ Not Deliverable As Addressed
☐ Unable To Forward
☒ Insufficient Address
☐ Moved, Left No Address
☐ Unclaimed ☐ Refused
☐ Attempted-Not Known
☐ No Such Street ☐ Number
☐ Vacant ☐ Illegible
☐ No Mail Receptacle
☐ Box Closed-No Order
☐ Returned For Better Address
☐ Postage Due

Janet Snow
Rural Route 1
Hanna City, IL 61536-9801

615364800I

**EXHIBIT**
3

# Illinois Department of
# Professional Regulation

James R. Thompson Center
100 West Randolph—Suite 9-300
Chicago, Illinois 60601





JANET SNOW
R.R. 1
Hanna City, Illinois  61536-9801



00075

# EXHIBIT B

## Affidavit of Janet R. Snow

I, Janet R. Snow, being duly sworn on oath, hereby states as follows:

1. My License number with the Department of Professional Regulation ("Department") is 041-241076.

2. From on or about May 1999 until December 8, 2000 my address was 2810 Second St., Apt. 9, Peru, IL 61354. Prior to December 8, 2000 I notified the Department of this address for myself. Attached as Exhibit 1 is a license showing this address as my address through May 31, 2002.

3. On December 8, 2000, I moved from 2810 Second St., Apt. 9, Peru, IL 61354 to 509 S. 1st St., Princeton, IL 61356. On or prior to March 21, 2002 I notified the Department of this change of address for myself. Attached as Exhibit 2 is a license showing this address as my address through May 31, 2004.

4. On October 12, 2002 I moved from 509 S. 1st St., Princeton, IL 61356 to 1121 3rd St., La Salle, Illinois 61301. I have notified the Department of this change of address.

5. Contemporaneously with each of the above moves, I delivered the proper orders to the U.S. Postal Service to forward mail to each new address.

6. Since March 2000 my work history is as follows:

   - Spring Valley Nursing Home, Spring Valley, Illinois (on or about March 2000 through June 2000)
   - Perry Memorial Hospital, Princeton, Illinois (on or about November 2000 through December 2000)
   - Katherine Shaw Bethesda Hospital, Dixon, Illinois (on or about January 2001 through September 2002).

7. I have never lived or worked in Hanna City, Illinois and, specifically, never lived or worked at R.R. 1, Hanna City, Illinois 61536-9801 or R.R. 1, Hanna City, Illinois 61536.

8. I have never notified the Department or any other person or agency or entity that my address was or is R.R. 1, Hanna City, Illinois 61536-9801 or R.R. 1, Hanna City, Illinois 61536.

9. I have never been in Hanna City, Illinois.

10. I received no notice of the proceeding before the Department, known as Case No.: 2000-04494-1, prior to receipt of the "20 Day Notice" after June 12, 2002 at 509 South 1st St., Princeton, IL 61356. Prior to said receipt of the "20 Day Notice"



1

after June 12, 2002, I never received any documents regarding the proceeding and I otherwise did not possess any knowledge or awareness of the proceeding. Specifically, prior to receipt of the "20 Day Notice" after June 12, 2002, I never received the "Notice of Preliminary Hearing" containing the Complaint, the March 12, 2001 "Order To Be Answer Or Be Held In Default", or an Order dated May 7, 2001.

11. I had never heard of Hanna City, Illinois until after receipt of the "20 Day Notice" after June 12, 2002 at 509 South 1st St., Princeton, IL 61356.

12. I have personal knowledge of the contents of this affidavit.

13. I further sayeth naught.

_Janet R. Snow_
Janet R. Snow

SUBSCRIBED and SWORN to before me
on October 22, 2002
_Connie A. Credi_
        NOTARY PUBLIC

"OFFICIAL SEAL"
CONNIE A. CREDI
NOTARY PUBLIC, STATE OF ILLINOIS
COUNTY OF LA SALLE
COMMISSION EXPIRES 9/5/03

9/5/03

2

# EXHIBIT C



# EXHIBIT D



# *Exhibit P*

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

JANET R. SNOW,                              )
                                            )
              Plaintiff                     )          CASE No. 02 CH 19186
                                            )
vs.                                         )          Judge Julia M. Nowicki
                                            )
DEPARTMENT OF PROFESSIONAL                  )
REGULATION of the State of Illinois,        )
BOARD OF NURSING of the State of            )
Illinois and FERNANDO E. GRILLO,            )
Director of Department of Professional      )
Regulation of the State of Illinois         )
                                            )
              Defendants.                   )
_____         )

## AGREED ORDER

**THIS MATTER COMING** before the Court on the Agreed Stipulation of

Dismissal, the Court being duly advised in the premises, and pursuant to agreement between the

parties, it is hereby Ordered that:

The above-captioned action is dismissed, without prejudice, in accordance with the

following conditions:

      1.     The Complaint initiated by the Department of Professional Regulation of

the State of Illinois, against Janet R. Snow, No. 2000-04494, will be dismissed as soon as

practicable.

      2.     The Department will vacate all Orders entered in the foregoing

proceedings against Janet Snow, including the Order to Be Answer Or Be Held In Default, dated

March 12, 2001, the Order of Default for Failure to Appear or Answer and To Transfer the

Matter to the Board on the Pleadings, dated May 7, 2001, and the Findings of Fact, Conclusions of Law and Recommendation to the Director, dated March 1, 2002 and May 3, 2002.

3. The Department is hereby ordered to reinstate the License of Janet R. Snow, License No. 41-241076;

4. The Department is hereby ordered to correct the record of Janet R. Snow on the website of the Illinois Department of Regulation by including changing the License Status from "SUSPENDED" to "ACTIVE," changing the "Y" under Ever Disciplined to "N," and deleting the statement "Diverted controlled substances from her employer, Spring Valley Nursing Home, for self-use."

5. The Department is hereby ordered to direct the National Practitioner Data Bank (www.npdb-hipdb.com) to correct the record of Janet R. Snow to reflect these changes, including changing any records of the September 19, 2002 suspension and the reported statements regarding diversion of narcotics.

6. The Court approves the Agreed Stipulation of Dismissal which is attached hereto.

7. Each party will bear its own attorneys' fees and costs.

ENTERED

JUN 0 2 2004

JUDGE

Dated: June __, 2004

Enter: _____

The Honorable Judge William J. Nowicki

Circuit Court of Cook County

Firm No. 39770
LATHAM & WATKINS LLP
Attorneys for Plaintiff
Sears Tower, Suite 5800
Chicago, Illinois 60606
(312) 876-7700

4

CH\685287.4

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

JANET R. SNOW,             )
                               )
           Plaintiff             )      CASE No. 02 CH 19186
                               )
vs.                            )      Judge Julia M. Nowicki
                               )
DEPARTMENT OF PROFESSIONAL   )
REGULATION of the State of Illinois,   )
BOARD OF NURSING of the State of   )
Illinois and FERNANDO E. GRILLO,   )
Director of Department of Professional   )
Regulation of the State of Illinois   )
                               )
           Defendants.        )
                               )

**FILED**
JUN 0 2 2004
DOROTHY BROWN
CLERK OF CIRCUIT COURT

## AGREED STIPULATION OF DISMISSAL

The parties hereby stipulate to the dismissal, without prejudice, of the above-captioned action in accordance with the following conditions:

1.     The Complaint initiated by the Department of Professional Regulation of the State of Illinois, against Janet R. Snow, No. 2000-04494, will be dismissed without prejudice. Notwithstanding any applicable statute of limitations, the Department shall have until May 28, 2006 to file any claim relating to the aforementioned Complaint.

2.     All Orders entered into in the foregoing proceedings against Janet R. Snow will be vacated, including the Order to Be Answer Or Be Held In Default, dated March 12, 2001, the Order of Default for Failure to Appear or Answer and To Transfer the Matter to the Board on the Pleadings, dated May 7, 2001, and the Findings of Fact, Conclusions of Law and Recommendation to the Director, dated March 1, 2002 and May 3, 2002.

3.     The License of Janet R. Snow, License No. 41-241076, is to be reinstated as soon as practicable.

CH\685287.4

4.     The record of Janet R. Snow on the website of the Illinois Department of Regulation will be corrected to reflect these changes, including changing the License Status from "SUSPENDED" to "ACTIVE," changing the "Y" under Ever Disciplined to "N," and deleting the statement "Diverted controlled substances from her employer, Spring Valley Nursing Home, for self-use."

5.     The record of Janet R. Snow in the National Practitioner Data Bank (www.npdb-hipdb.com) will be corrected to reflect these changes, including changing any records of the September 19, 2002 suspension and the reported statements regarding diversion of narcotics.

6.     This stipulation is without prejudice to the rights of the parties except as set forth herein.  The Department may initiate any enforcement or disciplinary proceeding against plaintiff which it considers warranted and plaintiff reserves and may assert any claim against the Department (other than the instant review of administrative proceeding).

7.     Each party will bear its own attorneys' fees and costs.

By: _____          By: _____

Dated: _____          Dated: _____

James A. Cherney                        Michael McGivern
Leslie N. Rosen                         Assistant Attorney General
Veronica A. Silva-Minin                 General Law Bureau – 13th Floor
LATHAM & WATKINS LLP                    Office of the Attorney General
Sears Tower, Suite 5800                 100 West Randolph Street
Chicago, Illinois 60606                 Chicago, Illinois 60601
(312) 876-7700                          (312) 814-7200
Firm No. 39770

Attorneys for Plaintiff                 Attorneys for Defendant

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**04C 3996**

## Civil Cover Sheet

MAGISTRATE JUDGE MASON

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**DOCKETED**

JUN 1 5 2004

Plaintiff(s): Janet R. Snow

Defendant(s): Department of Professional Regulation of the State of Illinois; Board of Nursing of the Department of Professional Regulation of the State of Illinois; Fernando E. Grillo, Director of Department of Professional Regulation of the State of Illinois, in his official and personal capacities; Aurelia Pucinski, former Director of Department of Professional Regulation of the State of Illinois, in her official and personal capacities; Mary Doherty, attorney for Department of Prfessional Regulation of the State of Illinois, in her official and personal capacities; Brian K. Farley, former Chief of Health Related Prosecutions, Department of Professional Regulation of the State of Illinois, in his official and personal capacities

County of Residence:

County of Residence: Cook County

Plaintiff's Atty: James A. Cherney, Leslie N. Rosen
Latham & Watkins LLP
233 South Wacker Drive, Suite 5800,
Chicago, IL 60606
(312) 876-7700

Defendant's Atty: Michael McGivern
Office of the Attorney General
100 West Randolph Street, Chicago,
IL 60601
(312) 814-7200

II. Basis of Jurisdiction:   **3. Federal Question (U.S. not a party)**

III. Citizenship of Principal Parties
(Diversity Cases Only)
Plaintiff:- N/A
Defendant:- N/A

IV. Origin :   **1. Original Proceeding**

V. Nature of Suit:   **440 Other Civil Rights**

VI.Cause of Action:   **42 U.S.C.A. 1983 - violations of due process**

VII. Requested in Complaint
Class Action:
Dollar Demand: greater than $100,000 (compensatory damages), greater than $500,000 (punitive damages),
declaratory and injunctive relief
Jury Demand: Yes

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature: _James A Cherney_

Date: _6/14/04_

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.** Revised: 06/28/00

# UNITED STATES ~~DISTRICT COURT~~
# NORTHERN DISTRICT OF ILLINOIS

JUDGE DER-YEGHIAYAN

### EASTERN DIVISION

In the Matter of

Janet R. Snow v. Department of Professional Regulation, et al.

MAGISTRATE JUDGE MASON

Case Number: **04C 3996**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Janet R. Snow

**DOCKETED**

JUN 1 5 2004

| (A) | (B) |
|---|---|
| SIGNATURE *James A Cherney* | SIGNATURE *Leslie N Rosen* |
| NAME  James A. Cherney | NAME  Leslie N. Rosen |
| FIRM  Latham & Watkins LLP | FIRM  Latham & Watkins LLP |
| STREET ADDRESS  233 South Wacker Drive, Suite 5800 | STREET ADDRESS  233 South Wacker Drive, Suite 5800 |
| CITY/STATE/ZIP  Chicago, IL 60606 | CITY/STATE/ZIP  Chicago, IL 60606 |
| TELEPHONE NUMBER (312) 876-~~700~~ 7700  FAX NUMBER (312) 993-9767 | TELEPHONE NUMBER (312) 876-7700  FAX NUMBER (312) 993-9767 |
| E-MAIL ADDRESS  james.cherney@lw.com | E-MAIL ADDRESS  leslie.rosen@lw.com |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)  432326, Illinois, 1976 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)  6278412, Illinois, 2002 |
| MEMBER OF TRIAL BAR?  YES ☑  NO ☐ | MEMBER OF TRIAL BAR?  YES ☐  NO ☒ |
| TRIAL ATTORNEY?  YES ☑  NO ☐ | TRIAL ATTORNEY?  YES ☐  NO ☒ |
|  | DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☑ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER  FAX NUMBER | TELEPHONE NUMBER  FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?  YES ☐  NO ☐ | MEMBER OF TRIAL BAR?  YES ☐  NO ☐ |
| TRIAL ATTORNEY?  YES ☐  NO ☐ | TRIAL ATTORNEY?  YES ☐  NO ☐ |
| DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ | DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ |

1-3